## N. Y. SUPERIOR COURT.

TIFFANY *et al.*, plaintiffs, agt. THE UNITED STATES ILLUMINATING COMPANY, defendants.

*Easement — Light, air and free access to premises part of easement in public street — Legislature no power to permit erection of poles for electric wires without providing for compensation to owners of premises — Questions of fact.*

The legislature has no power to permit, by the erection of poles for the support of electric wires in front of a person's premises, the taking of such person's property by impairing the use and enjoyment of the light, air and free access to his premises, which forms part of his easement in the public street, without having provided for the payment to such person of due compensation therefor.

Whether the erection of the poles would have been a substantial impairment of the use of such easement is a question of fact.

*Special Term, April,* 1884.

O'GORMAN, *J.* — When this motion for the continuance, *pendente lite,* of an injunction restraining the defendant from erecting poles for the support of electric wires in front of plaintiffs' premises was argued, I believed that the case would soon be reached in its order and tried on all the issues raised on the pleadings, and that it was not necessary that an early decision of this motion should be made by me. Some time, however, having elapsed since the argument, and no trial of the case having yet taken place, it comes in the course of my ordinary duty to make such disposition of the motion as seems

to me proper on the facts as they were presented to me on the moving papers.

I will assume, for the purposes of this motion, that the legislature, as far as it had the power, has given full authority to the defendants to erect the poles in question, and that the board of aldermen, as far as they had power, have acquiesced in the legislative act.

A question of law, however, is raised and must be considered, whether the legislature has not exceeded its powers in permitting the taking of plaintiffs' property by impairing the use and enjoyment of the light, air and free access to their premises, which formed part of their easement in the public street, without having provided for the payment to the plaintiffs of due compensation therefor.

If the plaintiffs had property in such easement, and were threatened with substantial loss or impairment of such property, then the legislature, failing to provide for compensation, exceeded its powers.

The constitutional prohibition on the subject is clear and emphatic: "No person shall be deprived of life, liberty or property, without due process of law; nor shall private property be taken for public use without just compensation."

This is the supreme law of the land, not to be violated or evaded, or impaired in its full force and effect; and no benefit to the public, however great, that might be anticipated from any new invention or improvement, would justify any disregard of it.

This has been declared to be the law by the highest legal tribunal in this state, in a series of decisions extending over many years back. Of these decisions the case of *Story* agt. *Elevated Railroad Company* (90 *N. Y.*, 150) is one of the latest, and in it the rights of owners of premises abutting on public streets by the impaired use of their easement, of light, air and free access to and from the street, have been defined and sustained.

The legislature cannot materially change or enlarge the

Tiffany *et al.* agt. United States Illuminating Company.

nature of the right of the public in a street ( *Williams* agt. *N. Y. C. R. R. Co.*, 16 *N. Y.*, 107). Encroachment on such an easement is a taking of property (*Story* agt. *Elevated R. R. Co.*, *supra*, 171). No structure on a public street can be authorized that is inconsistent with the continued use of the street (*Id.*, 177, 193; *Mahady* agt. *Bushwick R. R. Co.*, 91 *N. Y.*, 153).

Permission to build structures on land subject to an easement, is inconsistent with the continued use and enjoyment of the easement, and works an extinguishment of the easement (*Cortwright* agt. *Mapleson*, 52 *N. Y.*, 623). An easement of light and air has value (*Doyle* agt. *Lord*, 64 *N. Y.*, 432). This principle, as applied to telegraph poles, was considered and recognized in *Dusenbury* agt. *Mutual Telegraph Company* (*Sup. Ct.*, *General Term*, *Dec.*, 1882; 11 *Abb. N. C.*, 440); *Board of Trade* agt. *Telegraph Company* (*Ill. Sup. Ct.*, *Oct.* 2, 1883; 29 *Alb. Law Jour.*, 92).

Whether the erection of the poles, in the case at bar, would have been a substantial impairment of the plaintiffs' use of their easement in light, air or free access to and from the street, is a question of fact, and, as far as is shown by the papers used in this motion, the preponderance of evidence seems to be in favor of the plaintiffs.

The poles in question are not meant to sustain electric lamps, but only the wires connecting with the lamps, and by means of which the light is to be supplied. They are, therefore, not, strictly speaking, lamp posts; and posts of the dimensions stated in the moving papers, placed in front of the entrance to the plaintiffs' store, might well create a serious hindrance to free access to it.

It is also averred, and not denied, that the lighting power can be, and actually is in some parts of this city, conveyed to the lamps by underground connection, and by means not involving any risk of damage to the plaintiffs.

The use of the street by the erection of these poles would be therefore unnecessary, and in so far as it inflicted special

damage on plaintiffs, constituted a cause of action (*Green* agt. *Central R. R. Co.*, 65 *How.*, 165).

It is charged, also, that some injurious interference by the defendants with the cellar of the plaintiffs is threatened, and plaintiffs aver that if the threatened erection of such poles be accomplished, they will suffer irreparable injury thereby.

The defendants deny any intention to erect poles in front of plaintiffs' premises, or in any way to molest plaintiffs' property or rights ; and they aver that plaintiffs' apprehensions are wholly groundless.

There may be other questions of law and fact which have been raised on the papers, but which do not seem to be material or necessary to be considered on this motion, and which can be best examined upon the trial of the action.

On the case as presented to me, I am of the opinion that there is a preponderance of evidence in favor of the plaintiffs, and that the injunction already granted should be continued "*pendente lite.*"

I have the less hesitation in arriving at this conclusion, because it could only prevent or impede the carrying out of a project which the defendants aver that they do not entertain.

The motion for the continuance of the injunction, "*pendente lite,*" is granted, without costs.