Common Pleas Court of Hamilton County.

WEISS-POLLAK COMPANY v. GIBSON ART COMPANY.

Decided March 13, 1929.

Nichols, Morrill, Marx, Wood & Ginter, for the plaintiff.
Henry Bentley, for defendant.

MORROW, J.

Plaintiff employs women on the floors leased by it

from the defendant, and it manufactures therein women's suits. The floors are the second and sixth of a many storied building, U shaped, and they are in the east leg of the U, having a number of windows (and a door on the second floor leading to the fire escape) which open upon the area composing the inside of the U. Plaintiff leased the two floors at different times, but the question in this case is substantially the same as to each floor, though the use of the fire escape by second floor employes presents a collateral question.

In short, by lease of the floors whose spaces were described by metes and bounds, and in one lease as "part of the Gibson Annex," the plaintiff was given "the appurtenances, and the right to quiet enjoyment of the premises described."

There is no easement for light and air in Ohio, but that is not the precise question here. Defendant owns the entire U-shaped building, which is a composite of three buildings acquired at different times before leases to the plaintiff.

The metes and bounds description of the floor space leased to the plaintiff is the description of the property acquired by defendant at a different time than the area was acquired by it. However, there are some floors of this U-shaped building that extend without a break entirely from one end to the other of the building, it has some facilities common to the entire building, it appears to the eye as one building, and the slab of stone set in the front brick work reads "Gibson Building."

Plaintiff's testimony tends to show that it rented the premises with a special view to light and air from area windows, that it so advised officers of the defendant company, that its fine needlework cannot be done, and the usefulness of the situs will be entirely destroyed, if defendant is allowed to carry out its present purpose, that is to say, the defendant has broken ground preparatory to closing up the area by the construction of a building therein. When completed the building will be in the shape of a square block, and plaintiff's light and air from area, of course, will be gone.

There seems to be no law bearing exactly on this question in Ohio.

The court sees but one question in the case, which is an application for an injunction by the plaintiff, the injunction to forbid a building of any sort within the area in question.

The lease speaks of the right to "quiet enjoyment." What does this mean? We concede that if the area is a part of adjoining property, and the premises rented by the defendants are part of the Gibson Annex, and not part of the Gibson Building, quiet enjoyment of its lease does not include easement of light and air and the fire escape in the area.

However, we look upon the property as one piece—just as the Gibson Hotel is now one piece of property, though built on two sites at different times, and so for the purpose of this opinion, the Gibson building was one property at the time of the leases to the plaintiff.

The plaintiff, under the circumstances, as we view it, leased a part of a U-shaped building with side windows on an area providing light and air; they did not lease part of premises fronting on an adjoining area, which was part of another piece of property.

There is some testimony that the plaintiff in this case pointed out to officials of defendant company at time of execution of at least one of the leases that the light and air from the area was an important consideration, in view of the business they intended to conduct in the leased premises. Mr. William R. Gibson's denial of this is summed up in the wind-up of his cross-examination:

"Q. You don't mean to tell the court that before you made the lease of the sixth floor that you ever told them you were going to block up those windows?

A. I never made such a statement. I never told them I would block them up.

Q. You never told them before you made the lease on the second floor you were going to block up those windows?

A. I never told them I would not."

We advert to this by reason of statements in some cases

that the circumstances surrounding the signing of a lease are important as shedding light upon the leasehold contract. See *Adams* v. *Gordon,* 265 Ill. App., 87.

Our view of the facts having been indicated, we are following the reasoning in *Case* v. *Minot,* 158 Mass., 577, which defines "quiet enjoyment." See pages 584 and 585.

Also the case of *Doyle* v. *Lord,* 64 N. Y. Rep., 432 (see page 439), see also *Ware* v. *Chew,* 43 N. J. Equity, 493, and *Darnell* v. *Columbus Show Case Co.,* 129 Ga., 63.

We desire also to advert to general observations in Ohio as to right of quiet enjoyment under a lease. See *Frenkel* v. *Steinan,* 92 O. S., 197, at page 200. See also *Newstedt* v. *Scarborough,* 13 O. D. (N. P.), 327.

"Quiet enjoyment" seems to mean, generally speaking, a right to enjoy unimpaired (so far as a landlord owner of all property partly leased can insure) the physical status at the time, of the execution of the lease of the property so leased, and for the pendency of the lease.

There is some evidence as to use by plaintiff of the fire escape to ship express packages, and there was some discussion as to fire escapes as appurtenances. As to this see syllabus 3 of *Bloomington Lodge* v. *Roland,* 217 Ills. Rep., 436, where the matter of fire escape is treated.

The plaintiff here needed fire escapes as protection and by permission used it as a way to without.

In view of our above view of the law, however, we are not emphasizing this, nor basing our opinion thereon.

Generally speaking, we take it that the plaintiff is entitled herein to enjoy the situation of the floors with reference to light and air as existed when it leased from defendant, and with this view we are granting an injunction against the building of a structure within the area (a part of the same property with premises leased to plaintiff) by the defendant.

As before stated, we consider the right to light and air as appurtenances and consider that the right to quiet enjoyment of the same was guaranteed by the lease during the pendency thereof by the defendant to the plaintiff, and as a part of the contract of said lease.