## Matter of the NEW YORK CENTRAL RAILROAD COMPANY, to appraise land, *vs.* THE BUFFALO AND NEW YORK AND ERIE RAILWAY COMPANY.

The Buffalo, New York and Erie Railroad Company, by a lease dated February 27, 1863, demised, for the term of 490 years, to the New York and Erie Railroad Company "the railroad of the party of the first part, including its branch freight track, and all the land of the party of the first part situate within and from the city of Buffalo to and within the village of Corning * * .* upon or across which its said railroad or any part thereof, or its machine shops, warehouses, freight or passenger depot buildings, car houses, engine houses or other shops or buildings are constructed, within or between the places aforesaid, and all the rights, title and interest which the said party of the first part has in or to the use of any wharves or docks in said city, or in or to any other branch track or tracks used by or in connection with the said railroad, together with the appurtenances thereunto belonging." At the date of this lease a strip of land 240 feet in length by 30 in breadth, situate in Buffalo, the title of which was in the lessor, was in the actual possession of another railroad company, and had been for some ten years, and was used by the latter company for its tracks and other railroad purposes. It had never been used by the lessor in connection with the operating of its railroad, nor was it necessary for that purpose.

*Held,* that the strip in question was not included in the description of the thing demised, viz. the "railroad" of the lessor; nor was it embraced by the words "all the lands" of the lessor " upon or across which its said railroad," &c. "are constructed," the railroad not having been constructed upon or across it; nor did it pass as an *appurtenance* to the railroad of the lessor.

Land cannot pass, by a conveyance, as appurtenant to land.

APPEAL from an order made at a special term confirming the report of a referee, giving the money in court, $14,500, to the New York and Erie Railroad Company. This money was the award of damages to be paid by that company for land taken by it for its railway purposes, in the city of Buffalo; and the money is claimed by the New York and Erie Railway Company, and also by the Buffalo and New York and Erie Railroad Company.

The title to the land taken was in the Buffalo and New York and Erie Railroad Company, subject to the right of the New York Central Railroad Company to have the premises opened, used and appropriated for the purposes of a highway. The latter company was in the actual possession of the premises, and had been, for some ten years prior to the making of the lease hereinafter mentioned, using them for its tracks and other railroad purposes. The Buffalo, &c. Railroad Company was in possession of and occupied the premises north of the parcels in question, excepting a small parcel not important in this case, extending to Exchange street and from Chicago street on the east, to Michigan street on the west. This parcel of land being 110 feet in width. The parcels of' land taken by the Central were thirty feet in depth, north and south. The Central Railroad Company had constructed, many years before the lease in question, a high, tight board fence on the north line of these parcels of land possessed and occupied by it, and had maintained such fence. This fence separated and marked the *possessions* of the two companies, to wit, the New York Central Railroad Company and the Buffalo, New York and Erie Railroad Company.

The latter company, by a lease dated February 27, 1863,

demised for the term of 490 years to the New York and Erie Railway Company, &c. " the railroad of the party of the first part, including its branch freight track and all the land of the party of the first part situate within and from the city of Buffalo to and within the village of Corning, in the county of Steuben, upon or across which its said railroad, or any part thereof, or its machine shops, warehouses, freight or passenger depot buildings, car houses, engine houses or other shops or buildings are constructed, within or between the places aforesaid, and all the rights, title and interest which said party of the first part has in or to the use of any wharves or docks in said city, or in or to any other branch track or tracks used by or in connection with its said railroad, together with the appurtenances thereunto belonging."

The referee awarded the money, subject to the rights of certain mortgagees, to the New York and Erie Railway Company, the lessees of the Buffalo, New York and Erie Railroad Company, and the special term affirmed the report, and the Buffalo, New York and Erie Railroad Company appealed to the general term.

*Sherman S. Rogers,* for the appellant.

*John Ganson,* for the respondent.

*By the Court,* MARVIN, J. The question made and argued upon this appeal is, did the land in question pass to the Erie Railway Company under the lease of February, 1863 ? Or, in other words, did the Erie Railway Company, by this lease, acquire all the right and title of the Buffalo, New York and Erie Railroad Company, in and to the parcels of land in question, for the term of the lease ? If so, then the order appealed from should be affirmed ; otherwise, it should be reversed.

We start with the facts that when the lease was made, the premises were not possessed or occupied by the Buffalo,

&c. Company, nor had they been for some ten years, if ever; and that they were possessed and occupied exclusively by the Central Railroad Company, for railroad purposes. Did these parcels of land (call them a strip of land some 240 feet in length, by some 30 in breadth,) constitute any portion of " the railroad of the party of the first part" the lessor? Or land " upon or across which its said railroad, or any part thereof," &c. was constructed? Or was this land an " *appurtenance* " to such railroad?

The words " the railroad of the party of the first part" are undoubtedly the broadest and most comprehensive of any contained in the description. They include the realty belonging to the lessor, which had been used, or which it was necessary to use, in operating the road. A demise of a mill, with the appurtenances, passes both the water and the piece of land used in connection with the mill. The grant of a *mill* includes the site, dam and other things annexed to the freehold, necessary to its beneficial enjoyment. (*Hilliard on Real Estate, vol. 2, p.* 112, §§ 8, 9, *and the cases cited. Ashley* v. *Pease,* 18 *Pick.* 275. *See also* 2 *Saund.* 401, *note* 2.)

In this case, the thing demised was the " railroad." It had never been used in connection with the operating of the railroad, nor was it necessary for such purpose. In my opinion, this strip of land was not embraced in the description " the railroad " of the lessor. Is it embraced by " all the lands " of the lessor " upon or across which its said railroad," &c. " are constructed?" Clearly not. The lessor's railroad had not been constructed upon or across the land in question; nor had any buildings, &c. been so constructed by, or for, the lessor. This part of the description does not include the strip of land in question. Was this strip of land an *appurtenance* to the railroad of the lessor? I am not able to see that it was, in any sense. Appurtenance is something •appertaining to another thing as principal, and which passes as an incident to the principal thing. Lord Coke says, (*Co. Litt.* 121 b,) " A thing corporeal cannot properly be appurtenant to a

thing corporeal, nor a thing incorporeal to a thing incorporeal." According to this rule, land cannot be appurtenant to land. (*Harris et al.* v. *Elliott*, 10 *Peters*, 54.) In *Jackson* v. *Hathaway*, (15 *John.* 454,) the court say, a mere easement may, without express words, pass as an incident to the principal object of the grant, but it would be absurd to allow the fee of one piece of land, not mentioned in the deed, to pass as appurtenant to another distinct parcel which is expressly granted by precise and definite boundaries. (*See also Leonard* v. *White*, 7 *Mass. R.* 8 *and* 9.)

If the New York and Erie Railway Company acquired any interest in the strip of land in question, it acquired it by its being included in the description of the thing demised, and not as an appurtenance to such thing. I have endeavored to show that the land was not included in the description of the thing demised. The strip of land in question was land in the possession and occupancy of the New York Central Railroad Company, and it was not an *appurtenance* belonging to the Buffalo, New York and Erie Railroad Company.

I am not sure that I should not notice another phase of the case. The title of the land was in the Buffalo, New York and Erie Railroad Company subject to a right in the New York Central to have the premises opened and used as an alley, or highway; and at the time the demise was made (February, 1863,) the Buffalo, New York and Erie Railroad Company had instituted an action to compel the opening of such alley or highway, claiming its right to have such street opened; and the Central Railroad Company had instituted proceedings by which to acquire title to the land, for the use of its road; and these proceedings resulted successfully, and produced the money in question.

It may be said that the *lessor* had, at the time the lease was made, the right to compel the opening of a street along on the south side of the land it was using, and that such street would have been an easement pertaining to the land it used.

Now these facts, and the position, may, for the purpose of our present inquiry, be conceded, and the answer will be that the right in the lessor was not an *appurtenance* belonging to the "railroad" of the lessor at the time the lease was made ; and there is nothing in the description embracing this right. The lessor did demise " all the rights, title and interest which" it had "in or to the use of any wharves or docks in said city, or in or to any other branch track·or tracks used by it in connection with its said railroad." In short, there is· no language in the lease under which the Erie Railway Company can claim any right or interest in this strip of land, and the language used was well adapted to the exclusion of this land, or any interest which the lessor had in it, if such was 'the intention. The question for the court is the ascertainment of the intention of the parties from the language used, applying the well settled rules of construction in such cases. If the parties to the lease had any other intention, and the instrument executed by them does not carry into effect their agreement, the remedy is to be found in an action to reform the instrument.

The order of the special term should be reversed, and the money should be awarded to the Buffalo, New York and Erie Railroad Company, subject to the rights of others as ascertained and declared by the report of the referee.

[ERIE GENERAL TERM, May 6, 1867. *Daniels, Marvin* and *Davis,* Justices.]