MICHAEL L. DOYLE et al., Appellants, *v.* SAMUEL LORD et al., Respondents.

Plaintiffs leased the first floor of a building in the city of New York for a store. In the rear was a yard attached to and exclusively appropriated for the use of the building, to which all the occupants had access through a hall running from the front to the rear of the building, and as the building was occupied when plaintiffs leased, no tenant could dispense with it. The rear of the store received light necessary for the transaction of business therein from windows opening into the yard. A door opened from the store into the yard and one into said hall. The lessor consented that plaintiffs might close up these two doors at his own expense to make shelf room. Defendants, having leased the whole premises, subject to plaintiffs' lease, began to excavate in the yard for the purpose of building thereon. In an action to restrain such building, *held*, that plaintiffs by their lease acquired an easement in the yard, of which they were not deprived by the agreement as to closing the doors;

that even if it should be held from the fact of closing the doors, that it was not the intention by the lease to give them access to the yard, yet they were entitled to enjoy an easement therein for the purposes of light and air, and defendants could not change it to their disadvantage.

The authorities establishing the American doctrine, so called, as to light and air, recognized and distinguished.

(Argued February 22, 1876; decided March 21, 1876.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York affirming a judgment in favor of defendants, entered upon an order dismissing plaintiffs' complaint on trial. (Reported below, 7 J. & S., 421.)

This action was brought to restrain defendants from building upon a yard in the rear of plaintiffs' store, in the city of New York. The facts are set forth sufficiently in the opinion.

*A. J. Vanderpoel* for the appellants. Plaintiffs were entitled to use the yard in common with the other tenants. (*Whitney* v. *Olney*, 3 Mason, 280, 284; *Sheets* v. *Selden's Lessee*, 2 Wall., 177, 187; Shep. Touch., 189; *Voorhees* v. *Burchard*, 55 N. Y., 98; *Sparks* v. *Hess*, 15 Cal., 186; Comyn's Dig., title, Grant, E., 6; *Doe ex dem. Clemments* v. *Collins*, 2 T. R., 498, 502; *Kiddle* v. *Littlefield*, 53 N. H., 503; *Huttemeier* v. *Albro*, 18 N. Y., 48.) The lease " being with the appurtenances," the land passed as appurtenant to the building. (*Doane* v. *Broad St., etc.*, 6 Mass., 332; Taylor's L. & T., § 161; Comyn's Dig., title, Grant, E., 9; *U. S.* v. *Appleton*, 1 Sum., 500; 8 N. Y., 387; 18 id., 48; *Browning* v. *Dalesme*, 3 Sandf., 13; *Royce* v. *Guggenheim*, 106 Mass., 201, 205.) The right to light and air from the yard was an incident and appurtenant to plaintiff's grant. (*Lampman* v. *Milks*, 21 N. Y., 505; *Havens* v. *Klein*, N. Y. C. Pleas, Mch., 1875; *Butterworth* v. *Crawford*, 46 N. Y., 349; *Canaday* v. *Stiger*, 55 id., 452, 454; *Palmer* v. *Fletcher*, 1 Levins, 122; *Robbins* v. *Barnes*, Hobart, 131; *Coutts* v. *Gorham*, 1 M. & M., 396; *Riviere* v. *Bower*, R. & M., 24; *Story* v. *Odin*, 12 Mass., 157; *Myers* v. *Gemmel*, 10 Barb., 543; *Compton* v. *Richards*, 1 Price, 27.) The closing of a

portion of the windows and afterward increasing the size did not affect plaintiffs' right to relief. (*Tapling* v. *Jones*, 11 H. of L. Cas., 290, 307, 311, 320 ; *Straight* v. *Burn* [L. R.], 5 Ch. App., 163.) The court should have received the proof offered as to the use of the yard by the tenants over the store. (Taylor's L. & T., § 160 ; *Keats* v. *Hugo*, 115 Mass., 204.)

*T. D. Pelton* for the respondents. Defendants took title subject only to such charge or incumbrance as Ann Gillett had created. (*Moore* v. *Rawson*, 3 B. & C., 340 ; *Cross* v. *Lewis*, 2 id., 628; *Parker* v. *Foote*, 19 Wend., 315 ; 2 Washb. on R. P. [3d ed.], 317 ; *Keats* v. *Hugo*, 115 Mass., 204 ; *Mayor, etc.*, v. *Mabie*, 13 N. Y., 155 ; *Kinney* v. *Watts*, 14 Wend., 38 ; 1 R. S. [Edm. ed.], 689, § 140.) A grant cannot be extended by implication. (*Grant* v. *Chase*, 17 Mass., 441 ; 3 Cruise Dig., 47, art. 51.) The grant of an easement of light and air is not implied from the grant of a building having windows overlooking land retained by the grantor. (*Keats* v. *Hugo*, 15 Am. R., 80, 91 ; 115 Mass., 204 ; *Randall* v. *Sanderson*, 11 id., 114 ; *Collier* v. *Pierce*, 7 Gray, 18 ; *Haverstick* v. *Sipe*, 33 Penn., 368 ; *Mullin* v. *Striker*, 19 Ohio, 135 ; *Morrison* v. *Marquand*, 24 Iowa, 35 ; *Janes* v. *Jenkins*, 34 Md., 1.) A grant of an easement is void without note or memorandum in writing. (*Wolff* v. *Frost*, 4 Sandf. Ch., 92 ; *Houghtaling* v. *Houghtaling*, 5 Barb., 379 ; *Miller* v. *Aub. and S. R. R. Co.*, 6 Hill, 61 ; *Pitkin* v. *T. I. R. R. Co.*, 2 Barb. Ch., 221.) The enlargement of the windows by plaintiffs was an act of ownership, which, as tenants, they had no right to exercise. (*Agate* v. *Lowerbeir*, 57 N. Y., 614 ; *Selden* v. *Del. and Hud. C. Co.*, 29 id., 634, 639 ; *Buck* v. *Story*, 2 C. & P., 465 ; *Garrett* v. *Sharp*, 3 Ad. & El., 325.) The enlargement of the windows was in effect an abandonment of the original easement and the substitution of another. [G. & W. on Easements, 374, 376 ; *Elliott* v. *Rett*, 5 Rich. [S. C.], 406 ; *Pope* v. *O'Hara*, 48 N. Y., 447 ; 3 Phil. Ev. [C. & H. Notes], 372 ; 3 Ad. & El., 325 ; Washb. on Easements [3d ed.], 629 ; *Butterworth* v. *Crawford*, 46

N. Y., 349.) Plaintiffs were not entitled to relief on the ground that defendants had removed the privies from and occupied the premises in the rear yard. (*Grant* v. *Chase*, 17 Mass., 441; *Manning* v. *Smith*, 6 Conn., 291; 3 Cruise Dig., 272.) There can be no presumption that the lease carried with it any thing beyond the premises described. (Phil. on Ev. [C. & H.], 1403, note 956; 1 Greenl. on Ev., § 286; *Cary* v. *Thompson*, 1 Daly, 35; *Doe* v. *Burt*, 1 T. R., 704.) The court will not restrain by injunction from doing an act already done. (Thomp. on Prov. Rem., 207; *Moreland* v. *Richardson*, 22 Beav., 604; *Pitkin* v. *Warren*, 6 How. Pr., 348.) Plaintiffs are not entitled to relief without showing that the acts complained of will injure them. (Code, § 219; *Wetmore* v. *Story*, 22 Barb., 496.)

EARL, J. On the 26th day of July, 1870, Ann Gillett owned a building, No. 85, on Forsyth street, in the city of New York, five stories high, twenty-five feet wide on the street, and fifty-one feet deep, upon a lot twenty-five feet wide and seventy feet deep. The lower story was then occupied as a store, and the upper stories, by families. The space of nineteen feet in the rear of the building was a vacant yard, with the exception of privies thereon, having no communication with any street, and then, apparently, useful for no purpose except as appurtenant to the building. There was a hall-way on the southerly side of the building, extending the whole length thereof, with a door at each end, giving access to the yard; and there was then a door from the lower story into this hall-way, and also in the rear of the store into the yard. There were also two windows in the rear of the store, from which light and air entered the store. The privies were manifestly built to be used with the building, and for the accommodation of its tenants; and we must assume, if it is material, as plaintiffs offered to prove it upon the trial, that the tenants had access to the vacant space and to the privies. While the privies were in this condition, on the day above mentioned, Mrs. Gillett rented the store on the first floor,

with the appurtenances, to the plaintiffs, to be occupied as a dry-goods store for the term of five years from the 1st day of May, 1871. The plaintiffs then bought out the prior tenant, and immediately took possession, and continued in the possession of the store down to the trial of this action.

At the time of the lease, the plaintiffs occupied a store on the southerly side of Grand street, a street running east and west, at right angles with Forsyth street, and the rear of that store butted against the rear half of the northerly wall of the Gillett store, and it was agreed that the doors opening from the store into the hall-way and yard should be bricked up to make place for shelves in the store, and that an opening should be made in the northerly wall of the Gillett store and the rear wall of plaintiffs' store, so as to make a communication between the two stores. The plaintiffs did not use the privies on the Gillett lot, as they had one in their own store convenient for use for both stores.

On the 1st day of May, 1874, the defendants took a lease of the whole building and lot No. 85, Forsyth street, for ten years, subject to plaintiffs' lease, and commenced to excavate in the yard for the purpose of building thereon, and then plaintiffs commenced this action to restrain them.

If the plaintiffs had hired the whole building with the appurtenances, their right to the yard could not have been questioned. The yard belonged to the building and was appropriated to its use, and would pass under a lease of the building as a part of the premises demised. The lease would have such effect, because it would be the presumed intention of the parties. In Sheppard's Touchstone (94) it is said that the grant of a messuage, or a messuage with the appurtenances, will pass the dwelling-house, barn, adjoining buildings, orchard, curtilage and garden. In Comyn's Digest (title, Grant, E. 6) it is said " by the grant of a messuage or house, the garden, orchard or curtilage pass." In *Whitney* v. *Olney* (3 Mason, C. R. Reps., 280) it was held that a devise of a mill with appurtenances, conveyed not the buildings merely, but the land under and adjoining which is necessary

to the use, and actually used with it. In *United States* v. *Appleton* (1 Sumner, 492) Judge STORY said: " The general rule of law is, that where a house or store is conveyed by the owner thereof, every thing then belonging to and in use for the house or store, as an incident or appurtenance, passes by the grant. It is implied from the nature of the grant, unless it contains some restriction, that the grantee shall possess the house in the manner and with the same beneficial rights as were then in and belonged to it."

In the case supposed the yard would have passed with the store, not by force of the word " appurtenances," but as portions of the premises demised. (*Riddle* v. *Litchfield*, 53 N. H., 503.) If all the rooms in the building had at the same time been rented to different tenants, each taking his room with the appurtenances, and no mention had been made of the yard, a different case would have been presented. The demise of a room in the building would pass no portion of the yard. Each tenant would take only the room which he hired, and would take no other portion of the premises. Whatever else he took would be by virtue of the word " appurtenances." That word would give him whatever was attached to or used with the premises, as incident thereto, and convenient or essential to the beneficial use and enjoyment thereof, and he would take any easement or servitude used or enjoyed with the demised premises. (2 Wash. on Real Prop., 667 ; Wash. on Eas., 32 ; *Sheets* v. *Selden's Lessee*, 2 Wall., 177 ; *Riddle* v *Litchfield, supra ; Voorhees* v. *Burchard*, 55 N. Y. 98; *Huttemeier* v. *Albro*, 18 id., 48.) It would not give him an interest in the yard as a portion of land demised, because land cannot pass as appurtenant to land, but it would give him an easement in the yard in common with all the other tenants, for all purposes for which it could be used in common — for access to the privies, for playground for children, and for light and air for rooms in the rear of the building.

If the different rooms in the building were leased at different times with the appurtenances, the same result would

follow. Each tenant would have an easement in the yard. Such, in the absence of restrictive words, would be the manifest intention of the parties, and no rule of law stands in the way of giving effect to such intention.

The yard was attached to and appropriated for the use of the building. The privies were built for the use of the occupants of the building, and the yard was essential to the beneficial use thereof, and as the building was occupied when plaintiffs took the lease, no tenant thereof could well dispense with the use of the yard. The building was so constructed and arranged that all the tenants had access to the yard, and there was no other apparent purpose to which the yard could be subjected. Hence, within every authority to which our attention has been called, the plaintiffs, when they took their lease, acquired an easement in the yard, unless facts to which I will now call attention, deprive them thereof. It was agreed between them and their lessor at the time they took their lease, as above stated, that the doors leading from their store into the yard and into the hall-way should be closed up at the expense of the lessor. This agreement was not for the benefit of the lessor, and was not made to cut off any rights which the lessees would otherwise have, but it was made at the request of the lessees and for their benefit, to give them more room for shelves. Having a privy in their own store on Grand street, so long as they used the two stores together, they did not need the use of a privy in the yard. But they did nothing and agreed to nothing depriving themselves of the right to use the privies. They still had access to the yard. There was the hall running the whole length of the south side of the building, with a door opening into the yard at the rear end. This was a way leading into the yard, and in the absence of any restriction all the tenants had the right to use it for access to the yard. The plaintiffs could at any time have had access to the yard and privies through this hall, and could have used them in common with the other tenants.

But even if it should be held that the fact of closing up the doors, and the fact that plaintiffs had a privy of their own,

showed that it was not the intention by the lease to give them access to the yard, yet there is nothing to indicate that they were to be deprived of the light and air from the yard. They hired the lower story for a store and the rear windows were the only means to procure light (except artificial) for the proper transaction of business in that part of the store. The light passing into the windows from the yard was essential to the beneficial use of the store, and it was clearly the intention at the time the lease was made that plaintiffs should have it. To this extent, in any view of the case, the plaintiffs were entitled to enjoy an easement in the yard. They were so far interested in it, that the defendants could not change its condition to their detriment.

This conclusion is reached without any departure from what may be called the American doctrine as to light and air, as distinguished from the English common law doctrine, and the law as laid down in the following authorities is fully recognized: *Parker* v. *Foote* (19 Wend., 315); *Palmer* v. *Wetmore* (2 Sandf. Sup. C. R., 316); *Myers* v. *Gemmel* (10 Barb., 537); *Mullen* v. *Stricher* (19 Ohio State, 135); *Haverstick* v. *Sipe* (33 Penn. State, 368); *Keats* v. *Hugo* (115 Mass., 204). Under these authorities, if the lessor had sold the store and lot upon which it stood, twenty-five feet by fifty-one, the grantee would have taken no right to light and air from the balance of the lot. In that case the grantor could have built upon the balance of the lot, and thus have darkened the windows in the store without violating any rights of the grantee. In this case, if the yard had not been part of the lot upon which the building was standing and if it had not been appropriated to use with the building so as to pass as appurtenant thereto, so far as to give easements therein to the tenants of the building, the plaintiffs could not have complained of the acts of the defendants alleged in the complaint.

I am, therefore, of opinion that defendants had no right to enter upon the yard and appropriate the same exclusively to their use, and thus deprive plaintiffs of all use of the same, and of the light and air passing over the same.

Judgment reversed, and new trial granted, costs to abide event.

All concur.

Judgment reversed.