DE BAUN v. MOORE.

(Supreme Court, Appellate Division, Second Department. July 23, 1898.)

PARTY WALL—RIGHTS OF OWNERS.

    An owner of land, the corner of which was occupied by a tenement house extending the full depth of the lot, and the balance by a dwelling occupying only part of the depth, with a party wall extending the full depth, and having windows in its side overlooking the yard of the dwelling, conveyed the dwelling house to the plaintiff, and subsequently conveyed the tenement house to the defendant. The party wall also contained flues for the use of the dwelling house. *Held*, that, as the easement of either owner consisted merely in the right to the support of the wall and the presence of the flues, the plaintiff was entitled to close up so much of the windows in the party wall as stood on his land, and also to maintain the flues.

Submission of controversy between Alonzo De Baun and Stuart H. Moore. Judgment for plaintiff.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

Rufus W. Peckham, Jr., for plaintiff.
Leslie M. Daniel, for defendant.

CULLEN, J. Frances L. Johnson, in 1894, was the owner of a plot of land in the city of Brooklyn, on the northwest corner of Halsey street and Nostrand avenue, the plot being 48 feet 6 inches front of Halsey street, and 100 feet in depth on Nostrand avenue. On this plot were two structures. The corner building was a flat or tenement house having a frontage of 29 feet on Halsey street, and extending the depth of the lot on Nostrand avenue. On the westerly part of the plot was erected a dwelling house, 48 feet in depth. The buildings were supported by a common or party wall. In that

part of the wall extending to the rear or the north of the limits of the dwelling house were a number of windows through which light and air came from the vacant yard of the dwelling house into the flat house. Being the owner of both pieces of property, Mrs. Johnson first sold the dwelling house and the lot on which the same stood, describing its easterly line as running through the center of a party wall. Subsequently she sold the flat house on the corner. The plaintiff owns the dwelling house; the defendant, the flat house. The plaintiff claims the right to close up so much of the windows in the party wall as stands on his land. The defendant asserts his right to have the windows remain in the wall in the same manner as they were originally placed; but, if the plaintiff is held entitled to close the windows, the defendant claims the right to fill up the flues in the wall.

We think the law is clear in this state that "if one grants a house having windows looking out over vacant land, whether his own or otherwise, he does not grant therewith any easement of light and air, unless it be by express terms; it never passes by implication." 2 Washb. Real Prop. (5th Ed.) p. 364; Shipman v. Beers, 2 Abb. N. C. 435; Doyle v. Lord, 64 N. Y. 432; Myers v. Gemmel, 10 Barb. 537; Palmer v. Wetmore, 2 Sandf. 316; Keats v. Hugo, 115 Mass. 204. Nor does the fact that the windows are in a party wall take this case without the rule. The paramount object for which a party wall is constructed is the maintenance and support of the adjacent buildings. In this city it is also the custom, in constructing such walls between dwelling houses, to place therein flues for use in the adjoining buildings. But these are the only purposes, so far as our knowledge extends, to which such walls are devoted. The easement of the owner of either building extends only over so much of his neighbor's land as the party wall stands upon; and such easement consists merely in the right to the support of the wall and the presence of the flues which may be in it. It has been held that either of the owners may increase the height of the party wall, provided such increase can be made without detriment to the strength of the wall. Brooks v. Curtis, 50 N. Y. 639. A fortiori has an owner the right to make any use of that part of the wall standing on his own land which does not injure the wall or interfere with the purposes for which it was erected. The filling up of those parts of the openings for the windows that are on the plaintiff's land can have no such effect, and therefore is within the plaintiff's rights.

It is contended for the defendant that, by the conveyance to the plaintiff's predecessor in title of half the party wall, it was intended to reserve to the grantor in that conveyance a right to the wall in the precise condition which then existed. We think there is no such presumption. An easement in favor of a grantor is not so readily implied as one in favor of a grantee, and even in favor of a grantee it would be implied only where it is strictly necessary for the enjoyment of the grant. Wells v. Garbutt, 132 N. Y. 430, 30 N. E. 978. While the easement of light and air from the vacant yard of the adjoining premises is advantageous to the enjoyment of the flat house, it is not strictly necessary to its use, for on two sides

the house fronts on open streets.    But, apart from this consideration, unless the defendant is entitled to have the rear portion of the plaintiff's premises open and unimproved, the right to maintain the window openings through the whole width of the party wall would be of no practical benefit, for the plaintiff might obstruct such openings by building or placing screens upon his own land beyond the limits of the party wall.    There can be no reason for presuming the reservation of an easement which is wholly without value.    As already stated, we are of opinion that, under the custom prevalent in this community, the easement of a party wall extends to the maintenance of chimney flues therein.    Even apart from custom, plaintiff's dwelling house having been constructed with its flues in the party wall, the right to maintain the flues would pass to him by implication. Rogers v. Sinsheimer, 50 N. Y. 646.

There should be judgment for the plaintiff on the agreed statement of facts, that he can close up the windows in defendant's house, and that he is entitled to the maintenance of the flues in the party wall, with costs.    All concur.