SOLOMON v. FANTOZZI et al.

(Supreme Court, Appellate Term. February 23, 1904.)

1. LANDLORD AND TENANT—CONSTRUCTIVE EVICTION—LIGHT AND AIR—INTERFERENCE.

Premises were leased for the business of confectioners and caterers and for dwelling purposes. In a portion of the basement used as a kitchen was a window opening onto an adjoining lot, also owned by the landlord; and in the water-closet was a ventilating shaft, also opening on such lot. By an extension of the building on this latter lot the landlord shut off light from the window and obstructed the shaft. *Held* not a constructive partial eviction, constituting a defense to an action for rent.

Appeal from Municipal Court, Borough of Manhattan.

Actions by Solomon Solomon against John Fantozzi and another. From judgments for plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Roger Foster, for appellants.
Mandelbaum Bros., for respondent.

GREENBAUM, J. Plaintiff brought three successive actions for the recovery of rent of the building on the southeast corner of Sixth avenue and Fifty-Fifth street in the borough of Manhattan for the months of July, August, and September, 1903. The premises were

leased by plaintiff to defendants under a written lease for "their business as confectioners and caterers and dwelling purposes," at the yearly rent of $4,300, payable in equal monthly installments. The defendants were in occupancy of said premises at the time of the execution of the lease, and continued in possession during the months for which the recovery of the rent in these actions was brought. The defense in each case was "a constructive partial eviction." It appears that the plaintiff was also the owner of the premises on Sixth avenue adjoining those leased to defendants on the south. The properties in question were distinct, separate, and independent of each other. When the lease was executed, a room in the basement, used by defendants as a kitchen, was lighted by a window overlooking the adjoining lot, owned by the plaintiff; and there was also in the basement a watercloset, which was ventilated by a shaft of galvanized iron opening into the same lot. At the time of the execution of the lease the building on the adjoining premises did not extend to the depth of the building leased to the defendants. Thereafter the plaintiff began alterations upon his adjoining property, which included the extension of the building thereon to such a depth that the extended wall on the north side of the altered building kept away the light that had theretofore come into the basement window of defendants' premises. The improvements also necessitated the placing of a board over the opening of the ventilating shaft, thus interfering with the ventilation of the watercloset. This deprivation of light and air is claimed to constitute a partial eviction.

Unless the light and air of which the defendants were deprived were necessarily involved in the beneficial use of the premises by the lessees as an appurtenant to the lease, the defense must fail. The case of De Baun v. Moore, 32 App. Div. 397, 52 N. Y. Supp. 1092, affirmed in 167 N. Y. 598, 60 N. E. 1110, on the opinion of the court below, where the precise question here presented was passed upon, seems to be decisive, and renders it unnecessary to review the authorities. The court there said:

"We think the law is clear in this state that, if one grants a house having windows looking out over vacant land, whether his own or otherwise, he does not grant therewith any easement of light and air, unless it be by express terms; it never passes by implication"—citing cases.

The fact that in the De Baun v. Moore Case the ownership of the two adjoining lots was severed, and that the question arose between adjoining owners, instead of, as here, between landlord and tenant, is wholly immaterial. Some of the authorities relied upon in the case from which the quotation has been made were cases where the question arose between landlord and tenant. Myers v. Gemmel, 10 Barb. 537; Doyle v. Lord, 64 N. Y. 432, 21 Am. Rep. 629; Palmer v. Wetmore, 2 Sandf. 316. The authority of Myers v. Gemmel—a case often cited—has never been shaken. The English doctrine of ancient lights has never been adopted in this state, and has been generally repudiated in this country. In those states where this doctrine has been rejected the courts have consistently refused to recognize implied easements of light and air. Washburn on Easements (4th Ed.) p. 657. The cases relied upon by the appellant—Matter of Hall v. Irvin, 78

App. Div. 107, 79 N. Y. Supp. 614, and Snow v. Pulitzer, 142 N. Y. 263, 36 N. E. 1059—in no way affect the question here considered. In Snow v. Pulitzer an easement of support, if the case is to be treated as one of easement at all, was involved—one totally different from that of light and air. The case, however, was treated regardless of the question of easement. The court said that they were dealing with a case "where all the buildings were held and owned as one entire property." The buildings were known as "French's Hotel," and had previously been three separate buildings, with independent walls. It was held that the plaintiff, as lessee, if the wall of the building leased by him was insufficient to stand alone, became entitled to the support of both walls, and the landlord "would have no more right to take down the supporting wall than he would to tear down the demised building itself." Hall v. Irvin was a case of interference by a landlord with the use by the tenant of certain appurtenances held to pass with the lease of offices in a large office building covering several city lots, where the appurtenances unmistakably applied to the various tenants of the building, and formed a part and parcel of the building conveniences. These cases are in no sense authorities for the proposition that, where the same person is owner of adjoining lots, covered by separate, independent, and unconnected buildings, any implied easements of light and air will flow in favor of the tenants of one of the buildings from the premises adjoining. The dimensions of the plot of land do not enter into the discussion in the slightest degree. The question is, did the common owner appropriate to the use of the building demised any portion of the adjoining premises, also belonging to him? This distinction is pointed out in the case of Doyle v. Lord, 64 N. Y. 432, 439. Under the views expressed it is unnecessary to consider the other questions raised by appellants.

The judgment must be affirmed, with costs. All concur.