## ESCHMANN v. ATKINSON.

(Supreme Court, Appellate Term.   December 23, 1904.)

1. LANDLORD AND TENANT—CONSTRUCTIVE EVICTION—EVIDENCE—SUFFICIENCY.
   In an action for rent of an apartment, evidence *held* sufficient to warrant a finding that defendant was evicted by the sudden and arbitrary exclusion of his servant from the use of the elevator.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Frederick W. R. Eschmann against Jerome J. Atkinson. From a judgment for defendant, plaintiff appeals.   Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

M. F. Kelly, for appellant.
Arthur L. Sherer, for respondent.

MacLEAN, J.   Claiming rent under a lease of an apartment on the fourth floor after departure of tenant, who left because as he says his colored servant was not allowed use of the elevator, the plaintiff's agent testified that her exclusion was under a rule both reasonable and of long standing, a regulation not expressed in the lease or posted anywhere, but which was to be learned by experience.   In this case the agent was supported by the janitor of the period involved.   Two elevator boys of the same period testified, however, that they never had heard of such a rule, excepting as to the plaintiff's servant, whom and whom alone they had been instructed to exclude.   The plausibility and probability of the testimony given by the plaintiff's witnesses are obvious enough.   Nevertheless the jury, if content to take the testimony of the discharged elevator boys, might find under the charge, to which no exception was taken, that the defendant was evicted by the sudden and arbitrary restriction of the use of the device apparently offered him, on his hiring, as an appurtenant convenience incident to the premises demised him.   Doyle v. Lord, 64 N. Y. 432, 21 Am. Rep. 629.   This judgment should be affirmed.

Judgment appealed from affirmed, with costs.   All concur.