O'CONNOR et al. v. BAUER.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1908.)

COVENANTS—COVENANTS RUNNING WITH THE LAND.
 An owner of a lot conveyed a 9-foot strip thereof to the adjacent owner, and also granted a right of way over an adjoining 3-foot strip. The conveyance stipulated that the strips should remain an open yard, and the adjacent owner covenanted that he and his heirs and assigns would not obstruct the windows or lights of the owner by placing any building on the 9-foot strip. *Held*, that the covenant of the adjacent owner was appurtenant to the remainder of the lot, and passed on a conveyance thereof, at least so long as the windows in the building on the remainder of the lot were the same and the building was occupied as a residence of the purchaser, though used in connection with another building as a hotel, and though there had been a change in the use of the premises, especially when the covenant as to the 3-foot strip was performed and the existence of the easement created by the adjacent owner's covenant had been recently recognized.
 [Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Covenants, §§ 65–71.]

 Robson, J., dissenting.

Submission of controversy on admitted facts by Minnie O'Connor and others against George J. Bauer. Judgment for plaintiffs.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Joseph M. Feely, for plaintiffs.
Charles M. Williams, for defendant.

KRUSE, J. The question submitted for our determination is whether the plaintiffs have the right to enjoin the erection of a building by the defendant on his lands so near the plaintiffs' building as to obstruct the windows and light thereof. The solution of that question depends upon the effect of a covenant contained in a deed conveying a strip of land 9 feet wide adjoining the plaintiffs' premises, upon which the wall of the building is in process of construction. In 1862 Gabriel Wile and Isaac Butts were neighbors, each owning and occupying their respective premises as places of residence, situate on the east side of North St. Paul street in the city of Rochester. Butts' premises were immediately north of Wile's. On July 23, 1862, Wile conveyed to Butts a strip 9 feet wide off the north side of his premises, being the 9-foot strip in question. At the time of the conveyance from Wile to Butts, that section of the city was residential. The 9-foot strip fronted on North St. Paul street, and extended easterly 100 feet to a barn. The south line of the 9-foot strip is 3 feet north of a line in range with the north side of the Wile residence, thus leaving a strip 3 feet wide between the Wile residence and the 9-foot strip. In the deed from Wile to Butts a right of egress was also granted over the northerly side of the 3-foot strip, extending from the barn to a line in range with the front of the Wile residence. Within about two years after this conveyance was made Butts sold his entire premises, and the defendant ultimate-

ly acquired title to a part thereof, including the 9-foot strip, by mesne conveyances from Butts. On September 26, 1883, Wile sold his premises, except the 9-foot strip, to John O'Connor. The plaintiffs are the widow and heirs at law of John O'Connor.

The deed of July, 1862, made by Wile to Butts, contained reciprocal covenants regarding the 9-foot strip and the 3-foot strip. Besides granting a right of passage over the 3-foot strip, Wile covenanted as follows:

"And the said Gabriel Wile does hereby covenant and agree to and with the said party of the second part that said last-described premises [the 3-foot strip] shall forever be and remain open and free of all buildings, fences, and structures, except the projection of cornice and roof of buildings, and that the same shall be and remain an open yard in connection with the premises first herein described [the 9-foot strip], and the right so secured hereby to be appurtenances to and enjoyed by the party of the second part, and by any and all persons who shall succeed him in the ownership of lot No. 21 in the Atwater & Andrews tract, on which the said party of the second part now resides."

And as regards the 3-foot strip the deed contained the following covenant, to wit:

"And said party of the second part [Butts] doth hereby covenant and agree that he will not at any time, nor shall his heirs or assigns, obstruct the windows or lights of said party of the first part by building or placing any structure on the parcel of ground hereby conveyed [the 9-foot strip]; this not to prevent, however, the planting of the fruit or shade trees thereon, but no trees or shrubs shall be planted on said 3 feet next north of said house of said parties of the first part."

Since the deed was made from Wile to Butts there has not only been a change in the ownership of the Wile and Butts premises, but also in their use. They are no longer strictly residential, but are devoted to business purposes. The Butts house has been torn down, and on the northerly 20 feet of the Butts premises a brick block has been erected. The remainder of the lot, including the 9-foot strip, is owned by the defendant. It is vacant, except the building which is now in process of erection, the south wall of which is located upon the 9-foot strip and is three feet north of the southerly side thereof, thus leaving a space of but 6 feet between the Wile residence and the new building, instead of 12 feet, as was contemplated by the covenant contained in the deed from Wile to Butts. The Wile residence is still standing. The windows on the north side thereof are as they were when the deed was made to Butts, but upon the space between the front of the Wile residence and the margin of North St. Paul street has been built a building, which extends from the north line of the Wile premises south for three-fourths of the frontage of the premises. The new building and the old Wile residence are connected and used as a hotel, but the O'Connor family still make their home there.

The deed of conveyance from Wile to O'Connor is an ordinary warranty deed, conveying the premises with the appurtenances and all the estate, title, and interest therein of the grantors therein named, being Wile and his wife. There is no mention of the easement of light or of the covenants contained in the Wile-Butts deed; nor is

there any reference to the 9-foot strip, except that the entire Wile premises are described, and then the 9-foot strip is expressly excepted from the conveyance. The plaintiffs claim an easement for light over the 9-foot strip under the covenant contained in the deed from Wile to Butts; while the defendant contends that the covenant is strictly personal to Wile himself, that whatever right Wile may have acquired thereby was not transferred to O'Connor and has not inured to the benefit of the plaintiffs, and that in any event the change in the character of the neighborhood from a residential to a business section makes the restrictive covenant no longer operative.

If the covenant relating to the 9-foot strip is personal to Wile only, its operation has been suspended, and perhaps entirely lost, unless Wile should reinvest himself with the title to his premises, since at present he has no interest therein, and no harm would come to him from obstructing the windows or light to the building thereon. We are, however, of the opinion that it was intended by the covenants in the deed from Wile to Butts to burden the 9-foot strip and the 3-foot strip with the respective covenants relating thereto, making them servitudes or easements for the benefit of the adjoining lands, and becoming appurtenant thereto, and that the rights and burdens thus created followed the respective parcels through the various changes and transmissions of title. Doyle et al. v. Lord et al., 64 N. Y. 432, 21 Am. Rep. 629; Dexter v. Beard, 130 N. Y. 549, 29 N. E. 983; Peck v. Conway, 119 Mass. 546. Judge Selden says, in Auburn & Cato Plank Road Company v. Douglass, 9 N. Y. 444, 446:

"Every proprietor of land has a natural right to so much light as falls perpendicularly upon his own soil, and no more. His rights in this respect are defined by the legal maxim 'cujus est solum, ejus est usque ad cœlum.' Whatever right, therefore, he may have to receive light laterally over the land of others, is an easement, or something equivalent to an easement. It is a right which may be acquired by covenant, or by prescription, if not by grant, and which, however acquired, extends beyond the limits of his own land, and rests as a burden or restriction upon the rights of the adjoining proprietor."

Nor do we think that the change from residential to business property of the Wile and Butts premises, and of the premises in the neighborhood thereof, is such as to make noneffective the covenant relating to the 9-foot strip. While the Wile residence has become a part of the hotel, it is still used as a place of residence by the O'Connor family, and, as regards the windows which the covenant was intended to protect, they are precisely in the same place and condition, and light is just as essential now as when the covenant was made. There is nothing in the covenant itself which expressly limits its effect to a specific use to which the building is to be devoted, and I think no such limitation can be implied.

It is suggested that O'Connor himself changed so radically the Wile premises, by building the new addition and using the old Wile residence in connection therewith as an hotel, and particularly in locating the new building so as to extend to the north margin of his premises, that he in effect renounced and abandoned whatever right he might otherwise have insisted upon in keeping the 9-foot

strip open, so as not to obstruct the light to the windows, of the Wile building. But we think these changes did not have that effect, for the reasons which we have just stated for holding that the covenant is still operative. If the new building had been constructed upon the 3-foot strip, a different question would be presented (Deeves v. Constable, 87 App. Div. 352, 84 N. Y. Supp. 592); but the force of that suggestion is lost when it is remembered that the 3-foot strip which Wile covenanted to leave open does not extend toward the street beyond the Wile residence, and no part of the new addition is built upon the 3-foot strip.

Furthermore, the existence of this easement was recognized in nearly all of the mesne conveyances from Butts to the defendant, and in the deed of conveyance to the defendant, made as late as January 7, 1908, the effect of this negative covenant not to obstruct the windows or light by building any structure on the 9-foot strip is expressly recognized, and the deed made subject to that covenant, referring to the conveyance from Wile to Butts by its date and record. If the conclusions we have reached are correct, it follows that the plaintiffs are entitled to the relief demanded, since it clearly appears that the construction of this building by the defendant will obstruct the windows and light to the Wile building.

Judgment should therefore be directed in favor of the plaintiffs and against the defendant, enjoining the defendant from building the structure now in process of erection, or any other building, on the 9-foot strip, so as to obstruct the windows and light of the Wile residence, and to remove such part of the present structure, so as to prevent obstructing said windows and light. All concur, except ROBSON, J., who dissents.