HORENBURGER v. TOPPER.

(Supreme Court, Appellate Term. February 8, 1912.)

PARTY WALLS (§ 6*)—FLUES—RIGHT TO MAINTAIN
    Maintenance of a flue in a party wall is a lawful use of the wall.
    [Ed. Note.—For other cases, see Party Walls, Cent. Dig. §§ 14–18; Dec. Dig. § 6.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Herrmann Horenburger against Rebecca Topper. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

Hellmuth Moerchen, for appellant.
Leo Schafran, for respondent.

GERARD, J. Plaintiff is an architect, and brought this action to recover for professional services in and about the drawing of plans and specifications for a chimney on property owned by defendant. There is no dispute about the employment, but it is claimed by defendant that the plaintiff was employed to effect a particular thing, namely, to make plans which would be approved by the bureau of buildings, and providing for such construction as would not be a violation of any other person's rights and would accord with the law.

The learned court below, in deciding the case, said that plaintiff himself had testified that by his plan at least eight inches of the con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

struction proposed by him encroached on the adjoining lot. From an examination of the plans and testimony, it is apparent that this was a mistake, in view of the evidence. The projection of eight inches was in the rear of the building and entirely on defendant's lot. The plans drawn by plaintiff showed a flue within a party wall, which is a lawful use of a party wall. De Baun v. Moore, 32 App. Div. 397, 52 N. Y. Supp. 1092, affirmed 167 N. Y. 598, 60 N. E. 1110.

Because of this misapprehension of the testimony in a material particular, the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.