HOLTZ AMUSEMENT COMPANY, INC., Plaintiff, *v.* JOSEPH SCHORR et al., Defendants.

Supreme Court, Kings Special Term, March, 1924.

**Easements — creation — implied easement for light and air not recognized in this state — basis for easement by implication must be reasonable necessity as distinguished from mere convenience — failure of plaintiff to prove easement by implication.**

An implied easement for light and air is not recognized in New York, the English doctrine of ancient lights being entirely rejected.

Accordingly, plaintiff's claim that an easement by implication passed to him as against the defendant is without merit, where it appears that he is in possession under a lease of premises used as a theatre which adjoin a corner lot upon which three exits and eight windows open; that the defendant who has acquired said corner lot proposes to erect a building thereon; and that the use of the lot as a means of exit can be replaced by exits on the other side of the theatre building, since the basis for an easement by implication must be reasonable necessity as distinguished from mere convenience.

ACTION to impress an easement on real property.

*Irving G. Warshaw (Alfred G. Reeves,* of counsel), for plaintiff.

*Bernard Alexander (Harold Swain,* of counsel), for defendant Joseph Schorr.

LEWIS, J. Plaintiff is in possession under a lease of a moving picture theatre and airdrome, situated on the east side of Albany avenue, south of St. John's place, with a frontage of 140 feet and a depth of 100 feet. The lease was made in 1919 by the St. Thomas Amusement Co., Inc., which at the time also owned the 30-foot corner lot adjoining the theatre to the north. Then and now there were from the theatre three exits to and eight windows upon the lot, and the plaintiff contends that such may not be interfered with by a certain building erection proposed by the defendant Schorr, who acquired the 30-foot lot in August, 1923.

Plaintiff urges that when the owner of land leases a distinct part of the tract, with visible existing servitudes, such as the exits and windows mentioned, an easement by implication therefor passes

to the tenant, binding upon subsequent grantees of the servient part. So far as such exits and windows give light and air no implied easement for such merely are recognized in New York, the English doctrine of ancient lights being entirely rejected. *Myers* v. *Gemmel*, 10 Barb. 537; *Solomon* v. *Fantozz*, 43 Misc. Rep. 61; *Cohen* v. *Newman*, 91 id. 561; *De Baun* v. *Moore*, 32 App. Div. 397; affd., 167 N. Y. 598. Plaintiff cited, as if to the contrary, the case of *Doyle* v. *Lord*, 64 N. Y. 432, where an easement of light and air was held implied. The conclusion, however, to that effect was declared by the court to be " without any departure from * * * the American doctrine * * * as distinguished from the English common law doctrine " and was reached because of the use of the word " appurtenances " in connection with the lot leased. " That word," the court said, " would give him whatever was attached to or used with the premises, as incident thereto, and convenient or essential to the beneficial use and enjoyment." It is apparent that by this statement, with its use of the word " convenient," no more was meant than that the word " appurtenances " would carry what was convenient or essential to the premises, without any enlargement of the rule, which, without such word, would prevail.

The basis for an easement by implication must be reasonable necessity, as distinguished from mere convenience, the English rule of absolute necessity being in this state modified. *Wells* v. *Garbutt*, 132 N. Y. 430; *Paine* v. *Chandler*, 134 id. 385, 389; *Spencer* v. *Kilmer*, 151 id. 390, 398. In the instant case there is no mention of appurtenances. On the contrary, what is granted is clearly defined by metes and bounds, which do not include any of the defendant's property, and in intent further limited by other portions of the lease, which expressly define whatever servitudes the thirty-foot lot would be under. These are that plaintiff might maintain a sign thereon " to be removed upon three days' notice that the premises have been sold, or are to be built upon," and " that the landlord will not erect upon the adjoining premises * * * any moving picture theatre or airdrome." These expressed servitudes are the precise measure of plaintiff's right in that regard. *Knabe* v. *Levelle*, 23 N. Y. Supp. 818, 824. When to this precise measure there is added the consideration that the continued use of the thirty-foot lot, while doubtless a great convenience to the plaintiff, could be replaced by exits on the other side or wall of the theatre, and the defendant has offered both before and during the trial to bear the cost thereof, and that " the tendency of the courts is to discourage implied grants of easements, since the obvious result, especially in urban communities, is to fetter estates and retard building and improve-

ments, and is in violation of the policy of the recording acts" (9 R. C. L. 754), there remains no room for doubt that the plaintiff has not made a case for relief

Judgment for defendant.

Findings passed upon.

Judgment accordingly.