Kingsway Realty and Mortgage Corporation, Appellant, v. Kingsway Repair Corporation, Respondent.

Second Department, April 5, 1928.

Landlord and tenant — eviction — landlord erected building close to demised premises, thereby cutting off light and air — said act did not constitute partial eviction.

In summary proceedings to dispossess the defendant, it pleaded a partial eviction based upon an allegation that the plaintiff landlord erected a building on an adjoining lot close to the demised premises, thereby cutting off the light and air from the demised premises. The lease did not stipulate against the erection of the building.

A landlord is under no obligation, in the absence of stipulation, not to erect a building on adjoining property. While a lease, which does not state that the property is let with " appurtenances," will be held to carry such a statement by implication, the right to light and air is not an appurtenance to the lease.

Appeal by the plaintiff from an order and determination of the Appellate Term of the Supreme Court, Second Department, entered in the office of the clerk of the county of Kings on the 3d day of October, 1927, reversing " a final order, judgment and orders of the Municipal Court of the City of New York, Borough of Brooklyn, Fifth District, entered on the 28th day of February, 1927, and the

9th day of March, 1927." The proceeding was brought on by peti-
tion to dispossess the defendant, tenant, and for a judgment of
$600 for rent of the premises for three months.

On March 17, 1924, the landlord, appellant, made a written
lease with the tenant, respondent, of the ground floor of premises
at 1635 East Sixteenth street, Brooklyn, for the term beginning
March 15, 1924, and ending October 31, 1927, " to be used and
occupied as an automobile machine shop." The tenant default-
ing in the payment of three months' rent due January 1, 1927,
summary proceedings to remove the tenant were commenced and
a judgment demanded for the rent. The answer admits the non-
payment of the rent, but alleges as a defense a partial eviction
resulting from the landlord's erection of a building on the adjoining
lot of which the landlord is also the owner and that such con-
struction " completely blocked off, closed up and obstructed all
light and air to the said demised premises " from several side win-
dows therein. This answer then proceeds, viz.:

" *Sixteenth.* That the light and air of the seven windows through
which the same was obtained in the said demised premises, prior
to the erection of the building adjoining the demised premises as
aforesaid, was reasonably necessary and essential to the enjoy-
ment of the demised premises by the tenant herein. That by
reason of the foregoing facts, the landlord has caused the tenant
herein to be actually partially evicted from the demised premises.
That by reason of the foregoing facts, the payment of the rent
provided to be paid by said indenture of lease is suspended."

At the opening of the trial in the Municipal Court the landlord
moved to strike out this separate defense for insufficiency, admitting
all of the facts therein set forth excepting the conclusion contained
in paragraph " Sixteenth " (above quoted), and this motion was
granted. Judgment was thereupon rendered awarding the landlord
possession of the premises and a recovery of the $600 rent. That
judgment was appealed from to the Appellate Term, as was a later
order refusing to vacate and set aside the judgment.

The learned Appellate Term reversed the " final order and
judgment and order granting motion to strike out separate defense
and order denying motion for a new trial," and granted a new
trial, holding that the case presented a question of fact whether
" the light and air through the windows which were later obstructed
by the landlord were reasonably necessary and essential to the
enjoyment of the leased premises; " and that " This would con-
stitute a defense because taking away such light and air would
amount to a partial eviction, and deprive the landlord of the right
to recover any rent so long as the condition continued."

*Philip J. Termini*, for the appellant.

*Herbert G. Andrews*, for the respondent.

KAPPER, J.   The lease is silent as to the landlord's ownership of the adjoining land, but the tenant claims that by this letting with the windows unobstructed the landlord must be held to have impliedly agreed not to build on the adjoining land and thus shut off the light and air supplied by the side windows of the premises leased.   I am of the opinion that the contention ought not to be upheld.   According to the great weight of authority, not alone in New York but in many other jurisdictions (See cases cited in 12 Am. Law Rep. Ann. 163 *et seq.*), a landlord is under no obligation to his tenants not to erect a building upon other lands belonging to him even though the result is to cut off the light and air from the leased premises, unless there is some covenant or agreement in the lease forbidding such erection.

The precise point was discussed in *Myers* v. *Gemmel* (10 Barb. 537), a case frequently cited and never overruled, it being there held that the landlord could lawfully darken or stop the windows by any erection on his adjoining lot, and that such an act was not in derogation of the lease and was not subject to restraint by injunction.

The *Myers* case was approvingly cited in *De Baun* v. *Moore* (32 App. Div. 397), where CULLEN, J., writing for this court and citing the *Myers* case in support of the proposition, said (p. 398): " We think the law is clear in this State that ' if one grants a house having windows looking out over vacant land, whether his own or otherwise, he does not grant therewith any easement of light and air, unless it be by express terms; it never passes by implication.' "

The *De Baun* case was affirmed by the Court of Appeals on the opinion of Mr. Justice CULLEN (167 N. Y. 598).

In *Solomon* v. *Fantozzi* (43 Misc. 61) it was held (as per syllabus): " Where an owner of a building having a basement room lighted by, and a water-closet ventilating shaft opening upon, a separate adjoining lot owned by him, leases the building, the demise does not carry to the tenant any implied easements of light or air from or over the adjoining lot and therefore where the owner subsequently builds upon it in such a manner as to cut off light from the room and air from the shaft there is no constructive partial eviction available to the tenant as a defense to an action by the owner for the rent."

So in *Palmer* v. *Wetmore* (2 Sandf. 316) it was decided that a landlord who owns a lot adjoining the demised premises has a right

to build on such land, though he may thereby obstruct and darken the windows in the tenement demised. OAKLEY, Ch. J., said that, if this were not so, the landlord would be deprived of the full benefit of his own property. " We perceive " he adds, " no reason why a landlord, in respect of his tenant, is more restricted as to his vacant lots, than he would be in respect of any other owner for years, or in fee, of an adjacent house."

*Myers* v. *Gemmel* and *Palmer* v. *Wetmore* (*supra*) were referred to and approvingly cited in *Doyle* v. *Lord* (64 N. Y. 432), where the defendant attempted to build on a rear yard of store premises leased to plaintiff. Judge EARL, writing for the court (p. 439), said: " Under these authorities, if the lessor had sold the store and lot upon which it stood, twenty-five feet by fifty-one, the grantee would have taken no right to light and air from the balance of the lot. In that case the grantor could have built upon the balance of the lot, and thus have darkened the windows in the store without violating any rights of the grantee. In this case, if the yard had not been part of the lot upon which the building was standing and if it had not been appropriated to use with the building so as to pass as appurtenant thereto, so far as to give easements therein to the tenants of the building, the plaintiffs could not have complained of the acts of the defendants alleged in the complaint."

While the lease in the case at bar does not state that the letting is with " appurtenances," or any other words indicating that anything was leased besides the ground floor of the premises, I should not hold that the absence of the word " appurtenances " would not permit of an implied right to all that went necessarily with a beneficial use of the leasehold. An appurtenance to a lease, however, does not include an interest in adjoining lands, even though owned by a common owner, " since land never passes as appurtenant to land." (Dissenting opinion of MADDOX, J., in *Cohen* v. *Newman*, 91 Misc. 561, 571; revd. by this court on that dissent, 173 App. Div. 976; *Doyle* v. *Lord, supra*, 437; *Matter of N. Y. Central R. R. Co.* v. *Buffalo & N. Y. & E. R. R. Co.*, 49 Barb. 501, 505.) The word " appurtenances " signifies anything that is an incident of and belongs to some other thing as principal. To be availed of as such, an appurtenance must be a material and integral part of the demised premises.

In some of the cases cited by the tenant, respondent, there is found the expression that a right to an unobstructed continuance of windows where reasonably necessary and essential to the enjoyment of the leased premises could be implied from the fact of letting. This theory is well stated in the language of Mr. Justice

GREENBAUM in *Solomon* v. *Fantozzi* (*supra*, 63), viz.: " Unless the light and air, of which the defendants were deprived, were necessarily involved in the beneficial use of the premises by the lessees as an appurtenant to the lease, the defense must fail."

It should be noted that the learned justice in the case last cited adds the material qualification that the beneficial use must be " an appurtenant to the lease." But the authorities relied on do not hold that to be an appurtenance which involves a restriction over or a limitation of use of adjoining property. The appurtenance is a thing affecting and relating to the land and property of which the demised premises are a part. *Bauer* v. *Schwartz* (122 Misc. 630; 209 App. Div. 827) illustrates this, there being involved there the erection of a building upon a yard in the rear of the demised ground floor of a store building and the blocking up a door leading to the yard. *Hamilton* v. *Graybill* (19 Misc. 521); *Matter of Hall* v. *Irvin* (78 App. Div. 107), and *Schulte Realty Co.* v. *Pulvino* (179 N. Y. Supp. 371) were cases where the tenant was deprived of a partial use of his premises caused in the one case by the blocking up of a door leading to a common hallway, in another alterations to hallways, stairs, elevators and lavatories producing a deprivation of use in the very building in which the demised premises were situated, and in still another the building out of a store above a rented basement so as to cover a shaft in the premises and including, in that particular case, the permanent closing of a door leading to a hall in the premises. In *Doyle* v. *Lord* (*supra*) the right to a continuance of the unobstructed windows was based upon the fact that they looked out upon a yard itself a part of the lot on which the leased store stood.

In my opinion the question presented by the pleadings is not one of fact but is one of law, and an adjoining owner, notwithstanding he also owns the premises demised, can only be held to the obligations sought to be imposed by the tenant here upon an express stipulation in the lease to be so bound. In the absence of such a covenant or stipulation his position with regard to his adjoining ownership when he decides to utilize and improve his property seems to me in no wise different from that of an independent adjoining owner not a party to the lease.

I advise that the order of the Appellate Term be reversed upon the law, with costs, and that the final order, judgment and orders of the Municipal Court be affirmed.

LAZANSKY, P. J., RICH, HAGARTY and CARSWELL, JJ., concur.

Order of the Appellate Term reversed upon the law, with costs, and final order, judgment and orders of the Municipal Court affirmed.