WALKER & CO. *v.* DAVIS.

1. COVENANTS—CONVEYANCES—IMPLIED  COVENANTS  ABOLISHED—
   STATUTES.
   Common-law rule in regard to implied covenants in conveyances
   of real estate has been abrogated by statute (3 Comp. Laws
   1929, § 13281).

2. LANDLORD AND TENANT—LEASE IS CONVEYANCE—STATUTES.
   Lease of building for 10 years is conveyance of interest in real
   estate within meaning of statute (3 Comp. Laws 1929, § 13309).

3. SAME—IMPLIED COVENANTS.
   Where there is no express covenant in lease imposing any re-
   trictions on use of nearby property belonging to lessor, none
   may be implied.

4. SAME—INJUNCTION—RESTRAINING USE OF NEARBY PROPERTY.
   Plaintiff, who leased roof of two-story building for use in sign
   displays, is not entitled to injunction restraining lessor from
   leasing roof of nearby one-story building to another party for
   same purpose, on theory that sign on one-story building may
   obscure sign on two-story building, in absence of restriction in
   lease on use of one-story building (3 Comp. Laws 1929,
   §§ 13281, 13309).

Appeal from Genesee; Parker (James S.), J. Sub-
mitted January 8, 1932. (Docket No. 74, Calendar
No. 36,192.) Decided March 2, 1932.

Bill by Walker & Company, a Michigan corpora-
tion, against Norman Davis and others to enjoin
erection of an outdoor advertising sign. Decree for
plaintiff. Defendant Samons appeals. Reversed,
and bill dismissed.

*Millard & Roberts,* for plaintiff.

*Brownell & Gault*, for defendant Samons.

McDonald, J.   Defendant Samons owned a one-story building and a two-story building in the business section of the city of Flint. The plaintiff leased the roof of the two-story building for its exclusive use in sign displays. Subsequently, the defendant Joseph Pence leased the roof of the one-story building for similar purposes. The buildings are separated by a vacant space of 114 feet. Mr. Pence began the erection of a sign on his building. The plaintiff filed this bill to enjoin him on the theory that if the sign is erected according to the plans in the building inspector's office, it will partially obstruct a view of any sign which may be erected on the two-story building. On the hearing the court entered a decree granting the relief prayed for by the plaintiff. From this decree the defendant Samons has appealed.

The plaintiff predicates its suit in part on the breach of an implied covenant for quiet enjoyment of the premises leased. The common-law rule in regard to implied covenants in conveyances of real estate has been abrogated by our statute, 3 Comp. Laws 1929, § 13281, which reads as follows:

"No covenant shall be implied in any conveyance of real estate, except oil and gas leases, whether such conveyance contains special covenants or not."

The plaintiff's lease of the two-story building is for a period of 10 years. It is a conveyance of an interest in real estate within the meaning of the statute, 3 Comp. Laws 1929, § 13309.

There is no express covenant in the lease imposing any restrictions on the use of nearby property belonging to the lessor; and as none can be implied

the plaintiff cannot maintain his action on the ground of breach of covenant. But the trial court did not rest his decision altogether on that ground. It was his view that, by his voluntary and unnecessary acts, the lessor was wrongfully invading the rights of the plaintiff under its lease. Neither the facts nor the law justify a holding that the lessor is restricted in the use of his nearby premises. When the plaintiff's lease was made the one-story building was under construction. It was not contemplated by the parties that the roof of that building when completed should not be used by others for the displaying of signs. On the contrary, the plaintiff knew it might be so used and subsequently made an unsuccessful attempt to lease it. In the absence of an express provision in the lease restricting the lessor's use of other premises, the law imposes no duty on him to so use them as not to obstruct the view of any sign the plaintiff may erect on the leased premises. The language of the court in *Kingsway Realty & Mortgage Corp.* v. *Kingsway Repair Corp.*, 223 App. Div. 281 (228 N. Y. Supp. 265), is applicable:

"In my opinion, the question presented by the pleadings is not one of fact but is one of law, and an adjoining owner, notwithstanding he also owns the premises demised, can only be held to the obligations sought to be imposed by the tenant here upon an express stipulation in the lease to be so bound. In the absence of such a covenant or stipulation his position in regard to his adjoining ownership when he decides to utilize and improve his property seems to me in no wise different from that of an independent or adjoining owner not a party to the lease."

In the instant case there is no physical interference with the plaintiff's possession of the leased premises. There has been no eviction or threat of eviction. The plaintiff has erected no sign on the

roof of the two-story building, and to what extent a sign which it may hereafter erect will be obscured by the proposed sign on the one-story building is a mere matter of opinion.  In any event, the parties must be left to the provisions expressed in the lease; and as the use of the one-story building is not restricted in the lease, the plaintiff is not entitled to the injunction granted by the trial court.  The decree is reversed, and the plaintiff's bill dismissed, with costs to defendant Samons.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.