(116 App. Div. 902)

, O'BEIRNE et al. v. GILDERSLEEVE et al.

(Supreme Court, Appellate Division, Second Department. January 25, 1907.)

1. EASEMENTS—RESERVATIONS—RIGHT OF WAY.

Defendant, who owned all the land on the easterly side of an "avenue" extending from the principal thoroughfare of a city to the ocean, conveyed a tract on the westerly side to defendant for a summer home; the deed conveying the fee of the westerly half of the "avenue." The "avenue" was not a public highway, and was not improved; but it was agreed in the deed that it should be kept open and unobstructed as a street for the benefit of the parties. *Held*, that either of the parties had a right to exclude such way from the use of any one not a party to the agreement, or not serving some purpose of such parties.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Easements, § 113.]

2. SAME—EXTENT.

The right of way reserved was only such as was reasonably necessary and convenient, and defendant could not complain of the setting out of a hedge in the way, where there remained an unobstructed passage of 15 feet.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Easements, § 121.]

Appeal from Trial Term, Nassau County.

Action by Patrick J. O'Beirne and another against Sarah Gildersleeve and another. From a judgment dismissing the complaint, plaintiffs appeal. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Patrick J. O'Beirne, for appellants.
William O. Miles, for respondents.

WOODWARD, J. The plaintiffs bring this action to recover damages for several trespasses and injury to premises owned by them and in their possession at Bayville, Nassau county, and the complaint asks for an injunction perpetually restraining the defendants from entering upon the premises of the plaintiffs; that the plaintiffs be declared the owners of the fee of the westerly half of a private road or lane adjacent to their premises; that said lane or road be declared a private lane or road, and that the defendants and each of them be forbidden and enjoined from inviting or extending permission to strangers and other persons not having rights under deeds to use said private lane or road; that the defendant Sarah Gildersleeve be directed and required to level, harden, and grade said private road; and for such other or further relief as to the court may seem just. On the trial the complaint was dismissed; the plaintiffs appealing to this court.

There is no controversy, so far as this record shows, in reference to the facts material to the issues. Hiram Hegeman, father of the defendant Sarah Gildersleeve, originally owned a tract of land situated on both sides of a road or lane known as "Hegeman Avenue," including the roadway, in Bayville, town of Oyster Bay, Nassau county. Hegeman avenue extended northerly from Bayville avenue, the principal thoroughfare of the place, to the high-water mark of Long Island Sound, and at the time of the bringing of this action the defendant Sarah Gildersleeve was the owner of the fee of the premises on the easterly side of Hegeman avenue, holding under a devise from her deceased father. In September and October, 1900, by two separate deeds, the defendant Sarah Gildersleeve conveyed to the plaintiffs two parcels on the westerly side of Hegeman avenue, and by mesne conveyances the plaintiffs purchased two other plots on the same side of the way, making a tract of about four acres. The deeds of the defendant Sarah Gildersleeve conveyed the fee of the westerly half of the said Hegeman avenue to the center thereof, and it is not disputed that the plaintiffs are the owners of the fee of the roadway in front of their entire premises; the deeds all having been made with reference to this roadway. The deed of October 12, 1900, conveying premises to the plaintiffs, provides as follows:

"Said Hegeman avenue as now laid out, from the main highway, through Bayville, to the Sound, to be forever kept open and unobstructed as a street, way, or thoroughfare, for the use and benefit of all the parties thereto, their heirs and assigns. And the said party of the first part [Sarah Gildersleeve] stipulates and agrees to level, grade, and harden the said Hegeman avenue, from Bayville avenue on the south to the shore of Long Island Sound on the north, on or before the 1st day of April, 1901."

There is no evidence in this case that Hegeman avenue was a public highway. It appears to have been merely a roadway on paper at the time the deeds were given, grown up to weeds and briers, and the covenant of the defendant Sarah Gildersleeve "to level, grade, and harden the said Hegeman avenue, from Bayville avenue on the south to the shore of Long Island Sound," was a covenant to put the said roadway in proper condition for the use of the parties to the agreement, not for the benefit of the public. The parties mutually agreed, the plaintiffs in so far as their own premises were concerned, the de-

fendant Sarah Gildersleeve as to all the others, that "said Hegeman avenue as now laid out, from the main highway, through Bayville, to the Sound, to be forever kept open and unobstructed as a street, way, or thoroughfare, for the use and benefit of the parties hereto," etc.; that is, the owners of the fee to this way agreed mutually to keep the same open "as a street, way, or thoroughfare," limited to the "use and benefit of all the parties thereto." As against all the rest of the world this street or way might be closed at any time; and, as it might be closed as against all the rest of the world, so any one of the parties to the agreement had a right to exclude this street or way from the use of any one not a party to the agreement, or not serving some purpose of such parties. It was a private way, in which each owner of a fee had an easement in the street, way, or thoroughfare between Bayville avenue and Long Island Sound; that is, each owner of a fee had a right to an "open and unobstructed" street, way, or thoroughfare, but this was not a covenant on the part either of the grantor or the grantee that the "street, way, or thoroughfare" should be absolutely unobstructed, in the sense that it should not contain a tree, or shrub, or hitching post, or horse block, or any of the things which might be necessary for the full "use and benefit of all the parties thereto." Indeed, this view of the agreement is shown by the fact that one of the defendants did set out shade trees in front of the plaintiffs' premises at about the time the grant was made. The fair and rational construction of this covenant, in view of the purposes which the parties had in mind in reaching the agreement, which was that the plaintiffs desired the premises as a summer home, was that the way should be kept open to its full width, subject to such uses on the part of the owners of the fee as should not interfere with the rights of others similarly situated to an open and unobstructed right of way in passing from their premises to Bayville avenue or Long Island Sound. No one on the easterly side of Hegeman avenue had any right or interest in the use made of the westerly side of said avenue, so long as it did not interfere with an "open and unobstructed passage" to the points above mentioned, and the plaintiffs would have no right to interfere with any use of the easterly side of the avenue which did not sensibly affect their free and unobstructed passage along said avenue in reaching either of said points.

It appears from the evidence that the defendant Sarah Gildersleeve failed to perform her agreement in reference to leveling, grading, and hardening the way between the points mentioned, and that the plaintiffs in 1903, after several requests that the defendant act, took it upon themselves to put the way in repair in front of their own premises at an expense of $130, extending the improvement only to the premises of which they were the owners of the fee. They prepared a driveway some 12 or 15 feet wide, sowed grass seed along the side of such roadway, set out a privet hedge between a line of shade trees set out by one of the defendants and the roadway thus prepared, leaving an open and unobstructed driveway from 12 to 15 feet wide upon their own premises, independently of the open way on the easterly half of the way. These improvements were known to the defendants; the defendant Hegeman writing a letter to the plaintiffs and claiming that

the hedge, which stood 2 or 3 feet outside of the line of maple trees which Hegeman had himself set out, was an obstruction, in violation of the covenant of the deed, although he was not a party to the transaction and did not own any property along the way. He was warned not to interfere with the improvements made by the plaintiffs upon their own premises. Thus matters remained until June 20, 1904, when the defendants appear to have been seized with an uncontrollable desire to perform their covenant to level, grade, and harden said Hegeman avenue. They entered upon plaintiffs' premises, tore up the privet hedge, and threw it into the roadway. They plowed up the surface of the easterly side of the way, where the defendants had no dwelling house or other improvement, and scraped the loose dirt over upon the plaintiffs' premises, partially destroying the grade and making the surface soft and irregular. They obstructed the entire roadway with piles of brush, weeds, etc., making it impassable for driving or walking, and plowed a deep furrow through the plaintiffs' lawn, and generally conducted themselves in a manner which was inconsistent with good neighborhood, and at a time when it is conceded there was no one living along the said avenue, with the exception of the plaintiffs.

The learned court before whom the case was tried wrote a memorandum, as follows:

"Privet hedge was on highway. Therefore provisions of deed that 'Hegeman avenue as now laid out from the main highway, etc., be forever kept open and unobstructed as a street, way, or thoroughfare for the use of all the parties hereto, their heirs and assigns,' made privet hedge an obstruction, and defendants had a right to level, grade, and harden that part of road."

We are unable to agree with this view of the case. As we have already suggested, the reservation of an easement in the single deed of the defendant Sarah Gildersleeve of an open and unobstructed street, way, or thoroughfare did not reserve an absolutely unobstructed way. It reserved a way for the "use and benefit" of the parties—an open and unobstructed street, way, or thoroughfare for such use and benefit. The use and benefit was to be mutual. The plaintiffs owned the fee. It was granted to them, and the grant of the fee was a farce if it did not convey the rights which belong to the owner of the fee, limited only by the easement reserved; and we have found no case in this state in which it has been held that an easement such as is here under consideration had the effect of absolutely excluding the owners of the fee from any use of the same, where such use did not interfere with the use to which it was dedicated. The grantor reserved out of the grant of the fee the right to the avenue as then laid out, to "be forever kept open and unobstructed," not as to its entire surface, but "as a street, way, or thoroughfare, for the use and benefit of the parties hereto"; and this condition was complied with when an unobstructed way, sufficient for every use or benefit of the parties, was preserved and maintained. The rule is well settled that an exception or reservation in a deed is to be taken most favorably to the grantee (Blackman v. Striker, 142 N. Y. 555, 560, 37 N. E. 484); and the mere fact that a way is of a given width at the time the easement is reserved does not entitle the person reserving the easement to the right to pass over every

part of such way, unless that is necessary to the enjoyment of the right of passage reserved. The rule in all such cases is that the right of way reserved is only such as is reasonably necessary and convenient for the purpose for which it was created. Grafton v. Moir, 130 N. Y. 465, 471, 29 N. E. 974, 27 Am. St. Rep. 533, and authorities there cited. In the case now before the court the evidence shows conclusively that the way was open and unobstructed between the main highway and Long Island Sound, and there is no evidence whatever that the hedge p.anted by the plaintiffs interfered in the slightest degree with any use or benefit which the defendants might have in the way. On the contrary, the evidence shows that the defendants were not occupying premises on such way; and, as they had a clear and unobstructed passage of 12 to 15 feet in going to or coming from the beach, they certainly had no grounds for complaint.

Furthermore, if it be conceded that the defendants had a right to "level, grade, and harden that part of the road," as suggested by the learned court below, the undisputed evidence is that the only effect of the work done by the defendants was to spoil the grade, and to cover the way with loose dirt, and to obstruct the passage with piles of brush, weeds, etc.; and the entire evidence irresistibly leads to the conclusion that the defendants were not acting in good faith, but were seeking to harass and annoy the plaintiffs.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.