### KAHLEN v. DAVENPORT.

#### (Supreme Court, Appellate Term.　May 27, 1912.)

1. LANDLORD AND TENANT (§ 124*) — LEASE — CONSTRUCTION — "APPURTE-NANCES."

　　A lease of premises and "appurtenances," supplied with water from a private main, which provides for the installation of a water meter and for the payment by the tenant of the water rent, covers the right to use the water from the private main as an appurtenant; the term "appurtenances" including incorporeal easements, rights, and privileges, though not land.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 437–440; Dec. Dig. § 124.*

　　For other definitions, see Words and Phrases, vol. 1, pp. 477–487.]

2. LANDLORD AND TENANT (§ 172*)—QUIET ENJOYMENT—PARTIAL EVICTION.

　　Where the right of a tenant to the use of water from a private main was a part of the demised premises, the covenant of quiet enjoyment secured him against the withdrawal of the water by the landlord; but the tenant, to show a partial eviction based on his inability to obtain water, must show that the landlord was responsible for the failure of the water supply.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703; Dec. Dig. § 172.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Cornelius Kahlen against James P. Davenport. From a final order in summary proceedings in favor of plaintiff, rendered in the Municipal Court, defendant appeals. Affirmed.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Franklin A. Coles, for appellant.

Edward G. Pringle, for respondent.

SEABURY, J.　The landlord instituted a summary proceeding to dispossess the tenant on the ground of the nonpayment of rent.　The tenant pleaded an actual partial eviction, and a counterclaim.

Under a written lease, made September 11, 1911, the landlord leased to the tenant about two acres of land, with a house and stable.　The premises were situated on Bolton Road, Inwood Hill, in the borough of Manhattan, city of New York.　Evidence was offered to show that Bolton Road was a private way, owned to the middle of said road by the adjoining property owners, and that the houses on this road were supplied with water from a private main, which ran about 3,000 feet, to a place where it was connected with the city main.　A pipe about 200 feet long connected the premises demised with the private main. It also appeared in evidence that the landlord owned several other places on Bolton Road, which were also supplied with water from this private main.　At the time the lease was made, and for several months thereafter, the demised premises were supplied with water from this private main.　It also appeared in evidence that, before the lease was

signed, the landlord told the tenant that "we have a line up the hill, which supplies all my houses." It is also provided in the lease that the landlord should pay the cost of installing a water meter upon the premises, and that the tenant should pay the water rent. The water was supplied without interruption to the premises in question from September, 1911, when the tenant entered into possession, until February 10, 1912. After the last-named date the tenant received no water from the private main. The lease contains a covenant of quiet enjoyment, and demised the dwelling, stable, and grounds, "with the appurtenances."

[1] While the lease does not in terms specifically demise the right to use the water from the private main, yet we think that it carried this right as appurtenant thereto. The fact that, at the time the lease was made, the premises were being supplied with water from the private main, and that the lease provided for the installation of a water meter, and that the tenant should pay the water rent, shows that this right is fairly contemplated by the terms of the lease. The term "appurtenances" has been given a liberal interpretation by the courts. While it will not be held to include other lands, because land cannot pass as appurtenant to land, yet it is clear that the term does include incorporeal easements, rights, and privileges. 1 McAdam on Landlord and Tenant, § 83; Doyle v. Lord, 64 N. Y. 437, 21 Am. Rep. 629. Under the circumstances of this case, the water supply was an incident of and belonged to the principal thing demised. It was therefore properly to be included as an "appurtenance" to the land and buildings, which were specifically demised by the terms of the lease.

[2] As the right to use the water pipe was a part of the premises demised, the covenant of quiet enjoyment secured the tenant against its being withdrawn by the landlord. The difficulty with this case, from the standpoint of the tenant, is that there is no proof in the record that the landlord did anything to withdraw the water supply, or that he failed in the performance of any duty which the lease required him to perform. The evidence does not explain the cause of the cessation of the water supply. Whether the water ceased to supply the premises demised from some defect in the connecting pipe, or whether the connection with the city's main was discontinued, does not appear. As the evidence does not show that the water supply was under the control of the landlord, or that the landlord was in any way responsible for the failure of the water supply, we think that the learned court below properly decided this case in favor of the landlord.

Final order affirmed, with costs. All concur.