SAUL B. ANIXTER, Plaintiff, *v.* BANGOR REALTY CORPORATION, Defendant.

(Supreme Court, New York Special Term, October, 1918.)

Lease — implied easements — when unobstructed right of way necessary to beneficial use of leased premises — when injunction granted.

The main hall of the Victoria Building in the city of New York is a wide and permanent corridor running from Broadway to Fifth avenue with an elbow in the center. Plaintiff

leased the portion of the hall which was in the corner of the elbow for use as a cigar and candy stand, the location of which faced the passenger elevators on the Broadway half of the building and likewise faced Fifth avenue and was adjacent to the passenger elevators on the Fifth avenue side. Between the stand and the Fifth avenue half of the structure there were two freight elevators. The corridor was used in passing between Broadway and Fifth avenue and daily, during business hours, a constant stream of people passed plaintiff's cigar stand. *Held,* that though the lease contained no express covenant that the hallway should remain unobstructed during plaintiff's tenancy, yet under the rule as to implied easements the unobstructed right of way to the cigar stand from the Fifth avenue side was not only necessary to the beneficial use and enjoyment of the leased premises but was also of considerable financial benefit to plaintiff in the prosecution of his business, and he will be granted an injunction directing defendant to remove certain partition walls erected across the corridor between the close of business on Saturday and the following Monday morning and restraining it from prosecuting the work to completion.

MOTION for injunction *pendente lite.*

Marks & Marks, for plaintiff.

Eidlitz & Hulse, for defendant.

DELEHANTY, J.   On or about the 6th day of April, 1916, the plaintiff in this case leased for use as a cigar and candy stand for a period of seven years a portion of the main hall of the Victoria Building, a twenty-story business and office structure occupied by some seventy-five tenants, located on the south side of Twenty-seventh street, in the borough of Manhattan, New York city. The hall in question was a wide and permanent corridor running from Broadway to Fifth avenue, with an elbow in the centre, and the premises demised were in the corner of the elbow and specifically designated upon a map attached to the lease. The location of the stand faced the passenger elevators on the Broadway half of the building, and

likewise faced Fifth avenue, and was adjacent to the passenger elevators on the Fifth avenue side. Between the stand, however, and the passenger elevators on the Fifth avenue half of the structure there were two elevators used for freight. Many people in the vicinity were accustomed to use the corridor in question in passing between the streets mentioned. Persons entering on the Broadway side and using the elevators on the Fifth avenue side were obliged to pass the plaintiff's stand, and the same was true of persons coming from Fifth avenue to elevators on the Broadway side. Plaintiff alleges that " a constant stream " of people passed his stand daily during business hours. Those that used the Fifth avenue entrance had a clear view of his place. On September 21, 1918, the owners of the building sent to various tenants thereof, but not to this plaintiff, a letter which among other things provided: " It is our intention to erect two walls in the main entrance hall, placing one to the west of car No. 7 and the other to the east of car No. 5, counting from the Fifth avenue entrance. We will then cut an opening in the north wall, which separates this hall from the present driveway. * * * By the arrangement which we contemplate making the direct passageway from Broadway to Fifth avenue will be considerably impeded, and it is our intention ultimately to entirely shut off through passage from Broadway to Fifth avenue." The affidavit of the vice-president of the defendant corporation states that under the contemplated arrangement it is necessary that partitions should be erected across the hall shutting off the freight elevators, as it would be altogether inappropriate that freight should be standing in the main hall of a high-class building as being unsightly. When the plaintiff closed his business on Saturday, September 21, 1918, he had no notice, nor was there anything to indicate

that there were any alterations or changes to be made in the main hall. Between the close of business on that day, however, and the following Monday morning defendant caused to be erected two permanent partition walls across the corridor in question, one on each side of the freight elevators, and caused an opening to be cut in the Twenty-seventh street side of the building. Each of the partition walls as erected contains a door in the centre. Plaintiff claims that these partition walls completely isolate him and shut off his business; that his stand cannot be seen from the Fifth avenue approach, and that traffic through the corridor has been so impeded and diverted by defendant's acts that plaintiff's business receipts have been reduced from fifty dollars to eight dollars per day. Plaintiff seeks an injunction directing defendant to remove the partition walls in question and restraining it from prosecuting the work to completion. While it is true that easements are generally acquired by grant or prescription, it is equally true that they may be gained by contract, although not specified. It is conceded that the lease in question contained no express covenant that the hallway should remain unobstructed during the plaintiff's tenancy, but from all the facts and circumstances presented it is, in my opinion, clearly apparent that such intention was undoubtedly within the contemplation of the parties when the instrument was executed. I recognize that the rule as to implied easements in favor of the grantee is now well settled and is dependent upon the easement being reasonably necessary and essential to the beneficial enjoyment of the demise, and that mere convenience is insufficient; but I strongly incline to the opinion that under that rule the unobstructed right of way to the plaintiff's stand from the Fifth avenue side of the building is not only necessary to the beneficial use and

enjoyment of the demised premises, but is also of considerable financial benefit to him in the prosecution of his business.

Motion granted.