Abraham Siegel, Doing Business under the Firm Name of A. Siegel & Son, Respondent, *v.* John Street Corporation, Appellant.

First Department, January 16, 1920.

Landlord and tenant — evidence insufficient to establish implied grant of easement in passageway between buildings.

The plaintiff, after leasing a building to be used as a cigar store, made arrangements with the owner and with the lessee of the adjoining building, which was used as a saloon or restaurant, which permitted him to open a passageway so as to make a connection between his store and the restaurant, and a glass partition was constructed. Thereafter the lessee of the adjoining premises having become bankrupt, the owner thereof planned to reconstruct the building closing access to plaintiff's store from the passageway and some window space and thereby depriving the plaintiff of such light, air and display as his store had had therefrom. The only right upon which plaintiff claims to have the passageway retained is based upon the fact that before making the lease a plan was presented to him showing the glass partition and the existence of the passageway between the two buildings, but there is no claim that said plan showed any access to the passageway from plaintiff's store. The plaintiff has a large and substantial front to his store with windows furnishing light and place for display.

Evidence examined, and *held*, insufficient to establish a necessity of the passageway on the part of the plaintiff so as to form a basis of any implied grant of an easement therein.

Appeal by the defendant, John Street Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of November, 1919, granting an

First Department, January, 1920.          [Vol. 190.

injunction *pendente lite* enjoining the defendant from inter-
fering with the light, air, window display and access enjoyed
by the plaintiff under lease from the defendant.

*Charles Goldzier* of counsel [*House, Grossman & Vorhaus,*
attorneys], for the appellant.

*Edward F. Spitz* of counsel [*M. J. Stroock* with him on the
brief; *Stroock & Stroock,* attorneys], for the respondent

Smith, J.:

This defendant owned two pieces of property, one upon the
southeast corner of John street and Broadway and the other
the property adjoining thereto to the east. It leased to
plaintiff the store on John street on the property adjoining
the corner property. The corner property was, at the time
of the rental to the plaintiff, rented for a saloon and restaurant
which was known as Stewart's saloon or restaurant. That
saloon or restaurant had its main entrance upon John street
about in the middle of the property rented, with double doors.
It also had a side entrance from John street further to the
east than the main entrance, which entrance was directly west
of the plaintiff's store. This entrance was into a passageway
or hallway which ran for some distance down the side of the
restaurant, and this passageway was entirely upon the premises
rented by Stewart.

When the plaintiff made his lease a ground plan was shown
to him which represented his building and represented this
passageway between the plaintiff's store and Stewart's, but
it represented no entrance from this passageway into the
plaintiff's premises. It probably represented the partition
along the passageway as a glass partition. After the plain-
tiff's lease was made he made some arrangements with the
owners of the building and with the proprietor of Stewart's
saloon or restaurant, which permitted him to open up the
southern end of this passageway so as to make a connection
between the passageway and his store and a glass partition
was put in. The plaintiff was a dealer in cigars and this
arrangement proved profitable to him, as well as convenient to
the patrons of Stewart's saloon or restaurant. Thereafter
Stewart went into bankruptcy, and the owner of the building

proposes to reconstruct the building. In this reconstructed building this passageway is to be closed up and that part of the building is to be carried out flush with the street. This would close up the access to the plaintiff's store from this passageway and it would close up some window space in this passageway and deprive the plaintiff of such light, air and display as his cigar store has had therefrom. The Special Term has granted a temporary injunction restraining defendant from closing this passageway.

It is not claimed that this lease contains any specific covenants. This store was rented to the plaintiff, and the only right upon which this plaintiff claims to have this passageway retained is based upon the fact that a ground floor plan was shown to the plaintiff before the making of the lease, which showed the glass partition and the existence of this passageway between Stewart's saloon or restaurant and the plaintiff's store. There is no claim that this ground floor plan showed any access to this passageway from the plaintiff's store. There may have been some conversations between the defendant's president and the plaintiff at the time of the store rental. But what they were is a matter of conflict in the evidence, and the lease itself is presumed to have stated the full contract made between the parties. It might be held if this passageway, thus shown on this plan, had been the only means of access or of light or display to the plaintiff's store, that the covenant might be implied that the passageway should be retained as long as the plaintiff's lease continued. But from the photographs the contrary appears. The plaintiff has a large and substantial front to his store. The entrance to the store is upon the eastern end of this front. The front window furnishes substantial light and display front. In fact, it is difficult to see how this passageway could be of very material advantage to the plaintiff after the adjoining store has ceased to be used as a saloon and restaurant. To my mind there clearly is no such reasonable necessity for this easement as to form the basis of any implied estoppel.

In *Solomon* v. *Fantozzi* (43 Misc. Rep. 61) the head note states that: " The English doctrine of ancient lights has never been adopted in the State of New York and no implied easements of light or air are recognized here." The court there

further held: " Where an owner of a building having a basement room lighted by, and a water closet ventilating shaft opening upon, a separate adjoining lot owned by him, leases the building, the demise does not carry to the tenant any implied easements of light or air from or over the adjoining lot and therefore where the owner subsequently builds upon it in such a manner as to cut off light from the room and air from the shaft there is no constructive partial eviction available to the tenant as a defense to an action by the owner for the rent."

The doctrine established in *Myers* v. *Gemmel* (10 Barb. 537) is still recognized as the law of this State. In that case it was held that " An owner of two adjoining lots in the city of New York, upon one of which was a building deriving its light and air over and through an open space in the rear of the other lot, into which the windows of the building opened and looked, leased the building and lot upon which it was erected for a term of years, with its appurtenances, without reserving to himself a right to build on such other lot, or stop, or darken the windows of the building leased, and afterwards built a house, covering the whole open space of the other lot, darkening the windows and excluding the light and air from the building occupied by his tenants." It was there held that the landlord might lawfully darken or stop the windows by any erection on the other lot, and that such an act was not in derogation of his own grant, and he could not be restrained from so doing.

In *Cohen* v. *Newman* (91 Misc. Rep. 561, 570), Mr. Justice MADDOX, in a dissenting opinion, said: " No right to an easement of light and air in favor of the demised premises arises by presumption, unless such an easement is reasonably necessary for the beneficial use and enjoyment of the building rented; otherwise it ' never passes by implication.' " This opinion was made the opinion of the Appellate Division upon reversing this determination in 173 Appellate Division, 976.

This law was again stated by Mr. Justice CULLEN in the Second Department in *De Baun* v. *Moore* (32 App. Div. 398), wherein he says: " We think the law is clear in this State that ' if one grants a house having windows looking out over vacant land, whether his own or otherwise, he does not grant therewith any easement of light and air, unless it be by express terms; it never passes by implication,' " citing the *Myers* case and other

cases. This case was affirmed in the Court of Appeals upon the opinion of Mr. Justice CULLEN, in 167 New York, 598.

In *Doyle* v. *Lord* (64 N. Y. 432), strongly relied upon by the respondent, while the rule as to reasonable necessity is more liberally stated than in some other cases, the rule as above stated in the cases to which I have referred is distinctly approved and Judge EARL states that his conclusion is without any departure from the American doctrine as to light and air.

The evidence in the case at bar comes far from establishing any such necessity of this passageway on the part of the plaintiff as to form a basis of any implied grant of an easement therein, in the making of the plaintiff's lease.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion for an injunction denied, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and PHILBIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.