In the Matter of Summary Proceedings by RAY BERLIN, Appellant, *v.* " BENJAMIN " YACHNIN, Said First Name " Benjamin " Being Fictitious, Real Name Being Unknown to the Owner, Person Intended Is the One Occupying the Premises Hereinafter Described, Respondent.

Supreme Court, Appellate Term, Second Department, June 5, 1926.

Summary proceedings to dispossess — proceeding, under Civil Practice Act, § 1411, subd. 4, to remove squatter from hall of building — defendant claims right to use hall through agreement with tenant — tenant did not have right to use hall — defendant removed.

A tenant of an entire floor of a building, whose lease does not specifically grant to him the hall of the building, has no right to use the hall except for ingress and egress, and where, by the terms of the lease the intention of the parties, evidenced by a provision that a doorway would be cut in the wall between the tenant's own property and the demised property, was not to lease the hall to the tenant, the tenant has no right to lease the use of the hall to a third person.

Accordingly, where the third person claims the right to possession of the hallway of the building, under an agreement with the tenant, the landlord may maintain summary proceedings to dispossess him as a squatter, under subdivision 4 of section 1411 of the Civil Practice Act.

APPEAL from final order and order of the Municipal Court, Richmond, First District, in a proceeding to dispossess defendant as a " squatter."

*Elias Bernstein,* for the appellant.

*Carl D. Isaacs,* for the respondent.

PER CURIAM. Final order unanimously reversed upon the law, with thirty dollars costs to appellant, and final order directed in favor of the landlord.

The lease was of the entire upper floor. It made no mention of any appurtenances. This would be immaterial if the hallway and stairs in question were the only means of access to it. In that case the right to use them would be implied as a way of necessity. Here, however, another means of access to the leased premises was provided. This, by the terms of the lease, was to be through a doorway to be cut by the tenant in the wall connecting the demised premises with his premises adjoining. This indicated that

the hallway and stairs were not intended to be included in the demise. (*Agate* v. *Lowenbein*, 4 Daly, 62; *Georke* v. *Wadsworth*, 73 N. J. Eq. 448. See, also, *McCullough* v. *Broad Exchange Co.*, 101 App. Div. 566; affd., 184 N. Y. 592.)

The trial court evidently was of the opinion that the hallway and stairs were no part of the demise, but held that the tenant had the right to use them as an appurtenance to the leased floor. Under the conditions referred to, this seems to have been an unwarranted holding; but even if it were correct it would not justify the decision made below. One who has only an easement or right of way over property does not have the right to the possession of that property, but merely the right to use it. The right of possession remains in the owner. (*Perrine* v. *Bergen*, 14 N. J. Law, 355; *Country Homes Land Co.* v. *DeGray*, 71 N. J. Eq. 283, 289; *O'Beirne* v. *Gildersleeve*, 116 App. Div. 902, 904; *Grafton* v. *Moir*, 30 N. Y. St. Repr. 314; *McCullough* v. *Broad Exchange Co.*, 101 App. Div. 566; affd., 184 N. Y. 592.)

The tenant, therefore, had no right to lease the hallway and stairs to the defendant. Not having the right to the possession thereof, the tenant of course could not give the right of possession to the defendant. The only person who had the right to possession was the petitioner herein; and as the defendant is there without her permission he is a squatter and should be removed. (Civ. Prac. Act, § 1411, subd. 4.) The cases cited by the court below are in accord with the above statement. They held that a squatter proceeding did not lie because the party sought to be removed was occupying the premises with the permission of the person entitled to their possession. Here the defendant is occupying the hallway and stairs without the permission of the petitioner, the only person who has the right to their possession.

Present, CROPSEY, MACCRATE and LEWIS, JJ.