MORRIS STURNER and Another, Plaintiffs, *v.* DELAWARE PROPERTIES, INC., Defendant.

Supreme Court, Erie County, January 12, 1930.

*Emil Rubenstein*, for the plaintiffs.

*Adrian Block*, for the defendant.

HORTON, J.  In December, 1928, one Henry Drews owned and occupied a brick building upon Tonawanda street, Buffalo, the northerly and southerly walls of which, as well as the front of the building above the first floor, extended to the street line.  The store front of his building, ground floor, was set back about six feet east of the street line.  He used the space between the front of his building and the street line to display his fruits and vegetables. On December 5, 1928, he entered into a written lease with the plaintiffs for a term of five years, beginning April 1, 1929, for a store in the southerly portion of his building, which was separated by partitions from the remainder.  By the terms of this lease he agreed to " rebuild store front to front building line, arrange separate front entrance door."  After the lease was executed, the store was altered in accordance with its terms, with windows and door in front and a window some eight feet in height and six feet in width extending from the partition separating the store from the remainder of the building at its northwesterly corner to the street line.

A door leading from the rear of the demised premises to the rear of the northerly store still occupied by Drews provided an exit from defendant's premises through Drews' store to the yard in the rear.  Besides this there was access to the rear of plaintiffs' store from the yard by stairway and entrance into the basement.

After the plaintiffs had been in possession of the demised premises for a short time Drews conveyed the entire building to defendant, which in June, 1929, rented to the Great Atlantic and Pacific Tea Company the portion previously occupied by Drews, and started to extend the store front of its new tenant to the street line.  This would cut off any light and display which the plaintiffs had from the northerly window above referred to. ·  At the same time the defendant closed one rear entrance to defendant's store, leaving, however, the one through the basement.

The plaintiffs bring this action for an injunction against cutting off the light and display from the window above mentioned, and from closing the door leading from the rear of their premises into the northerly store.  They claim easements to light and window display, and to ingress and egress through defendant's premises through the door in the rear.  These they claim as appurtenant to their leasehold interest, though the word " appurtenances " does not appear in the lease.  There is no doubt that easements will be implied if warranted by the facts.  The rule is well stated in *Anixter* v. *Bangor Realty Corp.* (104 Misc. 613) as follows:

" I recognize that the rule as to implied easements in favor of the grantee is now well settled, and is dependent upon the easement being reasonably necessary and essential to the beneficial enjoyment of the demise, and that mere convenience is insufficient." (See, also, *Stevens* v. *Salomon*, 39 Misc. 159; *Doyle* v. *Lord*, 64 N. Y. 432; *Siegel* v. *John Street Corp.*, 190 App. Div. 349.)

There is no evidence here of any lack of sufficient light on account of the closing of the window in the northerly wall, and no evidence of any agreement by the owner that the view from the window should remain unobstructed or that the rear door should remain open. In fact, the evidence is that Drews so placed his fruit and vegetables in front of his store that the display from plaintiffs' window was partially interfered with during parts of almost every day. The court cannot see that the unobstructed view from this window was essential to the beneficial enjoyment of this lease. Consequently, in the court's opinion, plaintiffs have no easement or rights entitling them to injunctive relief against this defendant who acquired the property from Drews.

The same may be said as to the door in the rear. The plaintiffs still have their exit through the basement. This is probably not so convenient as the exit through the adjoining store and thence to the yard, but it seems to the court that plaintiffs have not proved that either the window or the door was necessary to the beneficial use and enjoyment of the premises. '

The motion for a nonsuit is granted. The complaint is dismissed, with costs.