## Krisch v. Wolfson.

December 15, 1950.

William H. Field, Judge.

Hardy & Logan for appellant.

Herbert H. Monsky for appellee.

JUDGE HELM—Reversing.

This forcible detainer action was instituted before Honorable Edward J. Rehm, Justice of the Peace of Jefferson County, on April 15, 1949 by appellant, Herbert Krisch. He found appellee guilty. Appellant traversed that finding. In the Circuit Court, by agreement, the case was heard by the court without the intervention of a jury. No witnesses were introduced. On September 20, 1949, the case was heard on statement of counsel for appellant and appellee. The court adjudged appellee not guilty.

On September 22, 1949, appellant filed motion requesting the court to file separate findings of fact and conclusions of law, and on the same date filed his motion and grounds for a new trial. On October 14, 1949, appellant's motion and grounds were overruled and he was granted an appeal.

On October 28, 1949, appellant tendered his bill of exceptions which was examined and approved by the court. The bill recites the hearing of the case and the appointment of the official reporter to "take down" the facts as stipulated by counsel and transcribe the same, and that the case was stated by counsel for the parties.

On November 16, 1949, appellant's counsel, by motion, requested the court to set aside the judgment of September 20, 1949, because the stipulation of facts

made by the attorney for the plaintiff and attorney for the defendant was by error omitted from the stenographic record of the proceedings in this action.

At a hearing of the case on November 18, 1949, counsel for appellee filed his motion to strike the "bill of exceptions heretofore tendered by the plaintiff." At the hearing the court overruled appellant's motion "for findings of law and facts," and overruled appellee's motion to "strike the bill of exceptions filed herein." Appellant then "tendered a stipulation of facts," to which counsel for appellee "tendered exceptions."

At a hearing on November 25, 1949, appellant "tendered to the court his amended and substituted bill of exceptions, together with bystander's affidavit" of the court's reporter. The court certified, approved and signed it, and it was filed and made a part of the record. This bill sets out that the court's official reporter was appointed to take down the facts as stipulated by counsel and transcribe them, but that by error this was not done. The bill then sets out that the stipulation of facts was, in substance, as follows:

"1. The plaintiff, Herbert Krisch, is the owner of a building located at the northeast corner of 38th and Market Streets in Louisville, Kentucky, numbered 3717 West Market Street.

"2. The plaintiff's building contains two (2) storerooms on the ground floor, with apartments above, and a basement extending under the entire building.

"3. The only written lease held by the defendant, Lester Wolfson, to any part of plaintiff's building was entered into between him and a former owner of the building named Carmen on May 11, 1947. This lease describes the property covered by it as follows: 'A certain storeroom on the ground floor in building numbered 3717 West Market Street, being the east portion of storeroom located at the northeast corner of 38th and Market Streets, Louisville, Kentucky.'

"4. In addition to the property described in the lease above, in which storeroom the defendant operates a grocery store, the tenant defendant, Wolfson, uses the basement of plaintiff's building for storage of grocery goods.

"5. The basement of plaintiff's building may be reached from the ground floor only by means of a stair located in a hallway, which hallway extends across the back of plaintiff's other storeroom, occupied at the present time by a Drug Store. The basement is not under defendant's store alone, but it extends to and includes all that portion below the adjoining store, both stores being the property of the plaintiff. No physical barriers separate the basement nor is there any means by which defendant may reach that part of the basement which he occupies without crossing that portion of the basement lying below the store occupied by the tenant of the adjoining store.

"6. Located in the basement are the furnace and heating system for the whole building and a toilet for the use of the various tenants. The plaintiff has no objection to such use of the basement as is reasonable and necessary for the enjoyment by all of his tenants of the utilities located therein.

"7. The defendant's occupancy of the basement, possession of which is sought by this action, existed at the time plaintiff purchased this property.

"8. The plaintiff has complied with the provisions of Kentucky Revised Statutes, Section 383.140, which requires the giving of one month's notice in writing.

"The case having been stated to the court by counsel for both plaintiff and defendant, counsel for plaintiff requested the court to presume that the defendant's otherwise unexplained occupancy of the premises, possession of which was sought by this action, was under a tenancy at sufferance; plaintiff's counsel further requested the court not to consider so much of the stipulation of facts as pertained to defendant's use of the premises, possession of which was sought, antedating the current lease under which defendant occupies another portion of landlord's building. Plaintiff's counsel then argued that, as the facts stipulated did not show that the premises, possession of which was herein sought, was omitted from the current lease by fraud or mistake, that defendant was not entitled to hold the subject premises by virtue of his leasehold to another portion of plaintiff's building.

"The plaintiff thereupon rested.

"Counsel for defendant contended, in substance, that the nature of defendant's occupancy of the subject premises was under a license appurtenant to the defendant's leasehold to another portion of plaintiff's building.

"The defendant thereupon rested.

"The opinion of the court was rendered orally in the following words:

" 'I am holding that the original owner and the present owner and the tenant placed a mutual construction on the tenancy which included the use of the basement. Now, if the tenant takes more than he ought to in the use of that basement another question would arise, but I think he is a tenant by construction of the first floor and the use of the basement; it does not interfere with other tenants, or with the fundamental rights of the owner. I think that is, * * * the sound solution of it. I am holding that the parties have by mutual construction given certain meaning to that lease which included reasonable use of the basement which was going on at the time the present owner took hold.'

"Thereupon judgment of 'Not Guilty' was on said day entered by the court, to the entry of which the plaintiff at the time excepted and still excepts."

On this appeal appellant requests that the judgment be reversed because: (1) The court erred in overruling appellant's motion to separate findings of fact and conclusions of law; (2) the court erred in overruling appellant's motion to set aside judgment until a stipulation of facts be made a part of the record; (3) the facts establish that appellee is appellant's tenant at sufferance; (4) appellee's written lease could not be construed to include the basement; and (5) the description of the property leased is conclusive in the absence of proof of fraud or mutual mistake.

No evidence was heard by the trial court. The facts were stated to the court by counsel. The only record we have of that is the foregoing summary of the stipulation of facts. In it we are told that appellee's occupancy of the basement existed at the time appellant purchased the property at 3717 West Market Street, but under what circumstances or when that occupancy

began, or under what circumstances it continued, we are not told. It appears that appellant is the owner of the premises, and that appellee is the lessee of a described storeroom on the first floor of the building, and also that appellee occupies a part of the basement of the building. The basement is not referred to or included in the lease description set out in the record.

In 3 Thompson on Real Property, section 1020, it is said: "One who enters upon land by permission of the owner for an indefinite period even without reservation of rent is by implication of law a tenant at will, * * *." As to the basement, the ownership and the occupancy show the relationship of landlord and tenant. When one is found in occupation of premises under circumstances such as we have here, the presumption is that the tenancy is one at sufferance or at will.

Appellee maintains the trial court properly ruled "that the parties have by mutual construction given certain meaning to that lease which included reasonable use of the basement." The doctrine of contemporaneous construction of a written instrument is applicable only in case of ambiguity in the language sought to be construed. Murphy v. Boling, 273 Ky. 827, 117 S. W. 2d 962, 117 A. L. R. 1373, 5 West Ky. Digest, Contracts, 170(1). We find no ambiguity in that part of the lease quoted in the record, and we find nothing in the stipulation disclosing any construction contrary to the terms of the lease.

Appellee says the use of the basement is a "license appurtenant." In 32 Am. Jur., pages 163 and 164, speaking of appurtenances, it is said: "It is a settled principle of the law of property that a conveyance of land, in the absence of anything in the deed indicating a contrary intention, carries with it everything properly appurtenant to,—that is, essential or reasonably necessary to the full beneficial use and enjoyment of—the property conveyed, and this principle is equally applicable to a lease of premises. * * * A mere convenience is not sufficient to create a right or easement or impose burdens on lands other than those demised as incident to the demise."

It is stipulated that the tenants of the building, including appellee, have a right to use certain utilities

located in the basement. There is no disclosure in the stipulation of facts which tends to show that the use of the basement as a storage room was conveyed to appellee. From the record presented here, we are unable to say that the use of the basement by appellee as a storage room for his goods is so necessary or essential to the enjoyment of the leased premises as to constitute such use an appurtenance. We conclude that appellee's use of the basement as a storage room was as a tenant of appellant, and that this was a tenancy at will or at sufferance.

The judgment is reversed with directions to enter a judgment in conformity with this opinion.