CLAYTON A. WELCH et al., Doing Business as I. T. & C. A. WELCH & SONS, Appellants, v. DAVID R. CHAMBERS, Respondent.— Appeal from a judgment of the Supreme Court, Otsego County, entered in the clerk's office on June 13, 1952. The parties are cattle dealers each having long and involved open-account proceedings with a dairyman and both relying on cumulative collateral security. They narrowed their controversy down to five head of cattle. The court awarded two to plaintiffs and three to defendant. Plaintiffs, claiming all five, appeal. The court made a pragmatic and an equitable disposition of the respective claims of liens. The argument on appeal does not demonstrate clearly enough to our satisfaction that the Trial Term was wrong in its view of the complex course of transactions. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.

WILFRED VAN N. POWELSON, Appellant, v. LAKE PLACID Co., Respondent.— Appeal by plaintiff from an order of the Supreme Court which dismissed plaintiff's complaint after a trial without a jury, and from the judgment entered thereon in Essex County on September 11, 1952. Plaintiff seeks an injunction enjoining the defendant from permitting other members of the Lake Placid Club from parking their cars near a cottage which he rents from defendant, and permitting him to erect a barrier. The Lake Placid Club, with defendant as title holder of the land, operates a large clubhouse with recreational facilities, and in connection therewith maintains numerous small cottages to provide additional rooms for its members and guests. Neither the rooms in the clubhouse nor the cottages are available except to members of the club. All of the ordinary services furnished to the occupant of a hotel room, including maid service, are furnished to these cottages, and the occupants take their meals in the main clubhouse. Plaintiff leased one of these small cottages containing four rooms, situate on a small triangular piece of land on the club property, surrounded by walks laid out by the club. Numerous small cottages are nearby. Plaintiff contends that the small triangular piece of land surrounding the cottage which he occupies is a curtilage to his cottage, and that he is entitled to the exclusive use thereof, and objects to other members of the club parking in this area. Curtilage was originally known and is still defined by most if not all dictionaries as the fenced-in area surrounding a dwelling. No doubt it is no longer necessary that the area be fenced, but it is still a right which goes only with a dwelling house as that term is commonly used and understood. From any practical view plaintiff merely rented a suite in a club with no more rights than attach to the lessee of a suite in a hotel. His lease is silent as to the possession of anything except the cottage. The trial court correctly held that under these circumstances there is no curtilage, and that plaintiff merely leased the rooms. As a member of the club the plaintiff is entitled to all of the privileges of the club, as are all other members, and the club rules should prevail. Judgment and order unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.