Gerald Nolan, J.
On September 5, 1959 the defendant B. C. Posner Construction Co., Inc., entered into a written lease with the plaintiffs for the rental of Store No. 6 of the White Plains Shopping Center. B. C. Posner Construction Co., Inc., was not at that time the owner of the property, which was owned by the defendant Rodor Realty Corporation, a corporation controlled by one, Benjamin C. Posner, who also controlled B. C. Posner Construction Co. In entering into the lease with the plaintiffs the Posner Construction Corporation clearly acted as the agent of Rodor, although that fact was not disclosed at the time when the lease was executed, and in any event the corporate structures of both corporations are such that for the purposes of the transactions which are the subject of this action they may be considered one and the same. The lease to plaintiffs contained a covenant that the landlord would not, “ during the term of the lease or any renewal thereof lease another store in the White Plains Shopping Center wherein the demised premises is located, as and for a luncheonette.”
Prior to the making of the lease to plaintiffs, Rodor had entered into a lease with the defendant Bowling Corporation of America, not of a store but of a separate building to be erected, to be used and occupied as a “ Bowling Alley Center, with attendant Cocktail Lounge and Restaurant ’ ’ and by a modification of the lease, in February, 1960, increased the size of the building to be erected considerably, and agreed to a change in the design of the concourse floor area so as to provide for the erection of a “ snack bar.” The evidence adduced establishes that the snack bar has been conducted in the premises by the tenant Bowling Corporation of America, which has served therein practically the same food as is served in plaintiffs’ luncheonette, but has in addition served full meals, and alcoholic beverages, to the same extent as it serves such meals and beverages in the other portions of the premises used for restaurant purposes. Plaintiffs contend that the modification of the lease in 1960 constitutes a leasing for a luncheonette, in violation of the covenant contained in their lease and bring this action for an injunction restraining the maintenance of the snack bar, and *701 restraining defendants Posner and Bodor from interfering with the full enjoyment of the premises leased to them, and for damages in addition to the injunctive relief.
Plaintiffs claim that they have been deprived of the use of a portion of the demised premises rests on the conceded fact that after their lease was executed and before they entered into possession of the premises, the defendants Posner and Bodor constructed in the cellar, under their store, an emergency fire exit and corridor, 160 square feet in area, which they are no longer permitted to use exclusively in the conduct of their business.
Plaintiffs’ claim to injunctive relief must be denied.
On November 22,1961, after the commencement of this action, they assigned their lease to one Helen E. Schmitz, and no longer have any standing to enjoin the defendants from violating the restrictive covenant contained in it. The question remains, however, whether they are entitled to damages by reason of the conduct of the snack bar prior to the time of the assignment, or by reason of the fact that they were deprived of the exclusive use of a portion of the cellar, under their store. In my opinion the evidence adduced does not justify a judgment in plaintiffs’ favor on either claim. It may be doubtful that even if the lease to the defendant Bowling Corporation of America had been made subsequent to the plaintiffs’ lease, it would have violated the restrictive covenant in plaintiffs’ lease which precluded Bodor or Posner from leasing another store for a luncheonette. The lease to the Bowling Corporation was not the lease of a store, and was in the main for purposes entirely different from that for which plaintiffs’ store was leased (cf. Peoples Trust Co. v. Shultz Novelty & Sporting Goods Co., 244 N. Y. 14). It will be assumed, however, for the purposes of this discussion, that the modification of the Bowling Corporation’s lease in February, 1960 constituted an express recognition of the fact that a snack bar was to be operated in the Bowling Center, and permission for such use, and that such use was similar to the use of plaintiffs’ store as a luncheonette. Even so, plaintiffs have not established a violation of the restrictive covenant which is the subject of this action. Prior to the lease to plaintiffs, the defendant Bodor, as has been stated, had leased the building which it was about to erect for use as a bowling center, ‘ ‘ with attendant Cocktail Lounge and Bcstaurant.” Nothing in that lease indicated that the use of the building as a restaurant was to be limited to the service of food and beverages, at tables, or by waiters, or to the service of full meals, and not “ short orders.”
*702 While the word restaurant has no strictly defined meaning, it seems to have been used indiscriminately as a name for all places where refreshments can be had, from a mere eating house and cookshop to any other place where eatables are furnished to be consumed on the premises (see Ballentine’s Law Dictionary; Webster’s International Dictionary and, cf., Matter of Drucker v. Frisina, 31 Misc 2d 469; People v. Kupas, 171 Misc. 480). In recognizing the Bowling Corporation’s right to operate a snack bar, in 1960 defendant Rodor did not add anything to the permission which had been given to the bowling center to use the building leased as a restaurant, incident to the operation of a bowling center, and consequently did not violate the covenant in plaintiffs’ lease, which prohibited during the term of plaintiffs’ lease the lease of another store for a luncheonette.
Whether plaintiffs may have any other cause of action for misrepresentation of the facts with respect to the prior lease, may not now be decided. Neither have plaintiffs established a cause of action for deprivation of use of a portion of the cellar space under the store which they leased. The lease described the premises demised as ££ Store #6 of the White Plains Shopping Center ” and made no provision for the use of any space in the cellar under the first-floor store. The entrance to the cellar'was from a landing outside the store. While it is reasonable to believe that it was the intention of the parties to give plaintiffs the use of the cellar space under the store, to the same extent as it was being used by the tenant who occupied the store when the lease was made, it is also apparent that it was not intended to give plaintiffs the exclusive use of all the cellar space and the evidence does not permit an accurate determination of the amount or location of the space which plaintiffs were to use. Paragraph 20 of the lease provides that neither the landlord nor the landlord’s agents have made any representations or promises with respect to the building, or the demised premises, except as set forth in the lease, and that the taking of possession of the demised premises by the tenant shall be conclusive evidence against the tenant that the tenant accepts them £< as is.” Plaintiffs concededly took possession, and in any event have failed to establish that the part of the premises from which they were excluded constituted a part of the premises demised.
Defendants are entitled to judgment dismissing the complaint, without costs, and judgment is directed to be entered accordingly.