Richard L. Baltimore, Jr., J.
These two summary proceedings under the same title, one for possession of the demised, premises on the ground, of nonpayment.of rent and the second on the ground that the respondent is a squatter, are being tried by consent on a stipulation of facts.
The agreed facts are:
1. Respondent and its predecessors in interest have been in possession of the premises, the subject matter of the proceedings through mesne leases from approximately April 1,1959.
2. The present lease of the premises dated August 30, 1968, was entered into on or about that date between petitioner’s predecessor in interest as landlord and respondent as tenant.
3. About April 1, 1959 and at the time the present lease was executed, respondent and its predecessors in interest used the space at the rear of the building for parking two automobiles. During that period of time only respondent or its predecessors in interest utilized the said space for parking.
*209 4. From April 1, 1959 to date, respondent has continuously occupied an area in the basement of the building for storage purposes. There are only two entrances to the basement of the building, one from the outside in the rear and the other from the inside through the premises occupied by the respondent.
5. Respondent’s use of the basement space was first objected to by petitioner on or about December 9, 1971 by notice from petitioner’s attorney to respondent to remove his property therefrom by January 1, 1972.
6. Respondent’s use of the said parking area was first objected to by petitioner on or about December 22, 1971 by petitioner installing a chain and lock across the area which prevented respondent from using the said area.
The lease is a standard Blumherg lease for business premises. The demised space pursuant to the lease, is ‘1 the store premises [..stricken____] known as # 630 Main Street, New Rochelle, New York, to he used and occupied by the Tenant as an insurance office and for no other purpose ”. The stricken phrase is “ in the building
Paragraph 37 of the rider reads as follows: “ The tenant shall have the right to rent space in the demised premises without the consent of the landlords in the present form as now exists.”
The other changes in the lease and rider are immaterial to these proceedings.
Two questions were certified by the stipulation of facts to this court:
“1. Whether the basement area occupied by respondent is part of1 the demised premises included under the terms of the lease;
“ 2. Whether the parking area used by the respondent is part of the demised premises under the terms of the lease.”
The intent of the parties cannot be determined from the language of the lease. The changes and the rider demonstrate that the parties gave some thought to their intention. The striking of the words “ in the building ” can be interpreted to mean either that they did not intend to delimit the demised space to the building only, hut would include the parking area. The striking could mean, to the contrary, that the leasing was restricted to the store and was not to include anything else, particularly the storage area.
The lease is unclear as to what the parties were attempting to say. The use of both the storage and parking areas subsequent *210 to the execution of the lease for a long period of time does not clarify the intent of the parties or meaning of the lease,
The fact that the landlord provided free parking service and free storage service for many years neither created a duty nor imposed an obligation upon it to continue doing so.
In Fogelson v. Rackfay Constr. Co. (300 N. Y. 334, 340), the court said: “ and the circumstance that the landlords supplied that service for many years neither creates a duty nor imposes an obligation upon them to continue doing so in perpetuity.”
The storage space can be considered an appurtenance to the lease; the parking space cannot, for reasons hereinafter set forth.
The law in general is that a tenant of a part of a building acquires no easement or privilege in parts of the building not leased. “ One who has only an easement or right of way over property, does not have the right to the possession of that property but merely the right to use it.” (Matter of Berlin v. Yachnin, 128 Misc. 24, 25; Keesey v. O’Reilly, 181 App. Div. 665).
The exception to the above rule is that if the easement or privilege was necessary to the enjoyment of the premises leased, or was intended for the enjoyment of such portion, then the ease-, ment or privilege passes by implication to the tenant. (Presby v. Benjamin, 169 N. Y. 377; Matter of Hall v. Irvin, 78 App. Div. 107; Stevens v. Taylor, 111 App. Div. 561.)
We are not unmindful of the fact that the practical construction of the parties placed on this lease during many years of the term is entitled to great weight.
In Greenblatt v. Zimmerman (132 App. Div. 283, 285), the court, after giving “ great weight ” to the practical construction of a lease by the parties for nearly four years, concluded that “ the right to occupy the cellar to the extent necessary to store coal necessary to be used in conducting the restaurant business was appurtenant to the lease of the store ”. (Italics supplied.)
The general rule is that appurtenances reasonably essential to the enjoyment of demised premises pass, as an incident to them unless specially reserved. (Fabrycky, Inc. v. Nad Realty Corp., 261 App. Div. 268, mot. for lv. to app. den. 261 App. Div. 987; 36 C. J., Landlord and Tenant, § 632.)
But the key words are “ necessary ’ ’. Mere convenience is not enough. (Anixter v. Bangor Realty Corp., 104 Misc. 613, 616; Lemkin v. Gulde, 25 Misc 2d 144.)
We must therefore take into consideration the nature of the business.
*211 An insurance agency business is essentially one of office space requirements. Is storage space in the basement a necessity? We hold not. A great convenience, yes, but not necessary.
The storage space must be “ intended ” for the use or benefit of the part of the premises demised (Dollard v. Roberts, 130 N. Y. 269; Grynbaum v. Metropolitan Life Ins. Co., 272 App. Div. 216).
In 18th Ave. Pharmacy v. Wilmant Realty Corp. (95 N. Y. S. 2d 534) the court granted tenant the right to use the cellar but the facts there proved a necessity and are distinguishable (pp. 535-536): “ Plaintiff had been in possession for a period of years antedating such lease and for the time of its possession had used a portion of the cellar directly below the store.
11 A dispute has arisen between the parties. Defendant claims that plaintiff may not use the cellar because such use has not been specifically granted or referred to in the lease * * * In such cellar plaintiff maintains a carbonator for its soda fountain and also stores merchandise which is not required for immediate sale. Defendant’s grantor constructed a trap door and stairway leading from the store to such cellar and access thereto could be had only from the store. In fact, that portion of the cellar so used by plaintiff is entirely partitioned off from the remainder of the cellar, which is used by defendant for its own purposes.”
In Oberfest v. 300 Westend Ave. Assoc. Corp. (34 Misc 2d 963), the court held (p. 965): “In the circumstances here, I hold that storage space in a co-operative apartment is not necessary and essential to the beneficial use and enjoyment thereof. It is, rather, more in the nature of a convenience. ‘ A mere convenience is insufficient to create or to convey a right or an easement as an incident to a grant or demise, or to impose burdens on land other than those specifically granted ’ (1 Basch, New York Law of Landlord and Tenant and Summary Proceedings, § 837, p. 684).”
In Salerno v. Posner Constr. Co. (39 Misc 2d 699, 702) the court held: “Neither have plaintiffs established a cause of action for deprivation of use of a portion of the cellar space under the store which they leased. The lease described the premises demised as “ Store #6 of the White Plains Shopping Center ’ ’ and made no provision for the use of any space in the cellar under the first-floor store. The entrance to the cellar was from a landing outside the store. While it is reasonable to believe that it was the intention of the parties to give plaintiffs the use of the cellar space under the store, to the same extent as *212 it was being used by the tenant who occupied the store when the lease was made, it is also apparent that it was not intended to give plaintiffs the exclusive use of all the cellar space and the evidence does not permit an accurate determination of the amount or location of the space which plaintiffs were to use.”
The rule seems to be general. (See Owsley v. Hamner, 36 Cal. 2d 710; Krisch v. Wolfson, 314 Ky. 285; Goldsmith v. Traveler Shoe Co., 221 Mass. 482.)
As aforesaid, the parking area cannot be considered an appurtenance.
It is said that the question of whether or not a lease of a part of a building includes the portion of the building not mentioned, as a part of the leased premises, rather than as an easement or privilege therein, is a question of fact. (Times Sq. Improvement Co. v. Fleischmann Vienna Model Bakery, 173 App. Div. 633; Lubelsky v. Haimowitz, 123 N. Y. S. 974; Earhart, Inc. v. Haw, 251 Mich. 11; Jackson v. Birgfeld, 189 Md. 552.)
While it is true that the term “ appurtenances ” has been given a liberal interpretation by the courts, it will not be held to include other lands, because land cannot pass as appurtenant to land. (Kahlen v. Davenport, 76 Misc. 454; Doyle v. Lord, 64 N. Y. 432, 437.)
A lease of a specified portion of a building does not carry with it any interest in the land on which the building stands. (Rowan v. Kelsey, 2 Keyes 594; Graves v. Berdan, 26 N. Y. 498.)
The only interest in the curtilage which a tenant of a part of a building acquires by implication under his lease is by way of easement, appurtenant to the demised premises in common with all the other tenants, for all the purposes for which it can be used in common. (Doyle v. Lord, supra.)
“ Curtilage ” has been defined in Powelson v. Lake Placid Co. (281 App. Div. 1054) where the court held: “ Plaintiff leased one of these small cottages containing four rooms, situate on a small triangular piece of land on the club property, surrounded by walks laid out by the club. Numerous small cottages are nearby. Plaintiff contends that the small triangular piece of land surrounding the cottage which he occupies is a curtilage to his cottage, and that he is entitled to the exclusive use thereof, and objects to other members of the club parking in this area. Curtilage was originally known and is still defined by most if not all dictionaries as the fenced-in area surrounding a dwelling. No doubt it is no longer necessary that the area be fenced, but it is still a right which goes only with a dwelling house as that term is commonly used and understood. From any practical *213 view plaintiff merely rented a suite in a club with no more rights than attach to the lessee of a suite in a hotel. His lease is silent as to the possession of anything except the cottage. The trial court correctly held that under these circumstances there is no curtilage, and that plaintiff merely leased the rooms.”
The questions certified are answered as follows:
1. The basement area occupied by respondent is not part of the demised premises included under the terms of the lease.
2. The parking area used by the respondent is not part of the demised premises under the terms of the lease.
The respondent, however, is not a squatter as to either the parking area or storage space. Respondent and its predecessors entered onto each of the said premises legally and with the consent of the owner shortly after the effective date of the lease and remained there for a period of many years.
Summary proceedings are not available to the petitioner as a remedy for his grievances. The petitioner is relegated to such other actions or proceedings as he may he so advised. (Swill v. Kerne, 124 N. Y. S. 2d 499; Einhorn v. Einhorn, 124 N. Y. S. 2d 498.)
The above is the decision of this court, the petitions are dismissed without prejudice. No costs or disbursements to either party.